217 So.2d 868 (1969)
Linda AUFSEHER, Appellant,
v.
Seymour J. AUFSEHER, Appellee.
No. 68-201.
District Court of Appeal of Florida. Third District.
January 21, 1969.
Richard M. Sepler, Hialeah, for appellant.
David Drucker, Miami Beach, for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
SWANN, Judge.
Linda Aufseher appeals from a final decree granting the husband, Seymour J. Aufseher, a divorce on the ground of extreme cruelty.
The parties had been separated pursuant to a separate maintenance decree entered by a court of the State of New Jersey under which Linda received forty dollars per week for herself and fifteen dollars a week for each of their two children.
*869 Seymour moved to Florida and sued Linda for divorce alleging extreme cruelty and desertion. She denied these allegations and raised res judicata as an affirmative defense to the charge of desertion; but not to the charge of extreme cruelty. She attempts to raise the defense of res judicata or estoppel by judgment to the charge of extreme cruelty for the first time on appeal. This she may not do. Res judicata and estoppel by judgment are affirmative defenses which are waived if not pleaded in the answer. See 19 Fla.Jur. Judgments § 167; Nunez v. Alford, Fla.App. 1960, 117 So.2d 208; Fla.R.Civ.P. 1.140(h), 30 F.S.A.
The trial court awarded Linda Three Thousand Dollars as lump sum alimony and twenty dollars per week for support of each of the two minors. She says that this was error because neither party prayed for a lump sum alimony award and she has shown a need for periodic alimony payments from her former husband. We note an order permitting Linda to receive the lump sum award under F.A.R. 3.8(b), 32 F.S.A. without prejudice to raise an issue on appeal as to the "correctness of the terms and provisions of the original decree." Cf. Schreiber v. Schreiber, Supreme Court of Florida, opinion filed December 17, 1968, 217 So.2d 301.
There is no question that the trial court had the authority to order lump sum alimony in its discretion. Fla. Stat. § 65.08, F.S.A.
The question here is, was there an abuse of this discretion? The criteria for awarding lump sum alimony are stated in Yandell v. Yandell, Fla. 1949, 39 So.2d 554, and the better practice is for periodic payments absent some special equity. An award and acceptance of lump sum alimony may be "it" for the wife since it has been said in such cases "a wife is without the right to avail herself of the provisions of § 65.16, Fla. Stat., F.S.A., relative to modification in the event of change of circumstances." Gordon v. Gordon, Fla.App. 1967, 204 So.2d 734.
There were no special equities proven herein and the criteria of Yandell, supra., were not met. We find an abuse of discretion in the lump sum alimony award and remand solely for the taking of testimony and the entry of an order granting periodic payments of alimony to the wife in such amounts as are equitable and just. The husband shall receive proper credit for the lump sum award previously granted, if already paid to the wife.
It is so ordered.