256 So.2d 561 (1971)
Henry A. KELLER, Appellant,
v.
Eleanor Keller BELCHER, Appellee.
No. 71-128.
District Court of Appeal of Florida, Third District.
December 7, 1971.
Rehearing Denied January 20, 1972.
*562 Daniel Neal Heller, Miami, for appellant.
Tew, Tew & Rozen, Miami, for appellee.
Before SWANN, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
A final decree of divorce was rendered between Eleanor Keller and Henry A. Keller on July 14, 1969. It granted Eleanor a divorce from Henry and provided:
"That the plaintiff, Eleanor Keller, be and she is hereby awarded lump sum alimony to be paid to her by the Defendant, Henry A. Keller, in the amount of $444,000 payable over the period of eleven (11) years in 132 equal installments of $3,333.33 per month (totaling $40,000 per year) beginning July 15, 1969, and upon the 15th day of each month thereafter until paid in full, the final monthly payment thereof to be paid on July 15, 1980." (Emphasis added).
On June 29, 1970 the ex-husband, Henry, filed his motion for relief from this part of the final decree. By motion, and an amendment thereto, he alleged the trial judge, through omission or oversight, failed to provide that the aforesaid alimony would, by self operation, terminate upon the remarriage of his ex-wife, Eleanor.
It was alleged, and is conceded, that Eleanor married again on April 25, 1970. Henry prayed that the court correct the alleged oversight and omission and, in the alternative, alleged that there had been a change in circumstances as a result of the remarriage of Eleanor and prayed that her alimony be modified by being terminated forthwith. In his amendment to the motion, Henry alleged that § 61.08 and § 61.14, Fla. Stat., F.S.A., as applied, violated certain of his rights under the Florida and federal constitutions. The trial judge, after hearing, denied Henry's prayers and he has appealed.
Initially, it should be pointed out that Henry moved to correct the divorce decree because the trial judge "through oversight or omission" failed to provide that alimony would cease upon the remarriage of Eleanor. This was alleged in the motion, the amended motion, and is argued in Henry's brief. Thus, it would appear that Henry was moving under Rule 1.540(a), R.C.P., 31 F.S.A., which provides for correction of "clerical mistakes in judgments, decrees * * * and errors therein arising from oversight or omission * * *." Nowhere in the pleadings does Henry allege he is moving under 1.540(b). He *563 simply argues in his brief that he moved under 1.540 R.C.P. If Henry moved under 1.540(a), R.C.P., relief should be denied since clerical mistakes include only errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order.
Assuming arguendo that Henry's motions were under Rule 1.540(b) (1), i.e. relief from judgments because of mistakes or inadvertence, we think the alleged mistake must be classified as a mistake of law in the final decree from which Henry should have properly appealed.
We do not predicate our final decision upon procedural deficiencies, however. We hold Eleanor's right to receive lump sum alimony in equal monthly installments became fixed and final under the final decree rendered July 14, 1969 and the lump sum alimony required to be paid under that decree was not subject to termination upon her remarriage. See Yandell v. Yandell, Fla. 1949, 39 So.2d 554; Aufseher v. Aufseher, Fla.App. 1969, 217 So.2d 868; and 24 Am.Jur.2d Divorce and Separation § 614.
Henry's argument that the trial judge was required, under Rule 1.540, F.R.C.P., to relieve him from the final decree which had been entered as a result of oversight or omission also fails for another reason. The trial judge who entered the original final decree considered the motions and argument and determined that he had not, through oversight or omission, failed to provide that lump sum alimony terminate upon remarriage of the ex-wife. There has been no clear showing that the trial judge abused his discretion in the denial of Henry's motions for relief.
We do not consider the constitutional questions raised by Henry as we believe we are without jurisdiction to do so. The Florida Supreme Court has previously considered these questions and has ruled that the record failed to present a cause within its direct appellate jurisdiction. See Article V, § 4(2), Fla. Const., F.S.A.; and Rule 2.1, subd. a(5) (a), F.A.R., 32 F.S.A.
We have considered Henry's argument that the trial court erred in awarding fees to the attorney for Eleanor in the proceeding below. She was represented in the proceeding below for the purpose of resisting Henry's motion to terminate her lump sum alimony and the court was correct in awarding a reasonable fee to her attorney for the services rendered on her behalf. We find no error in the award of attorneys' fees. See Gottesman v. Gottesman, Fla.App. 1969, 220 So.2d 640; and Ortiz v. Ortiz, Fla.App. 1968, 211 So.2d 243.
For these reasons the order herein appealed is
Affirmed.

ON REHEARING DENIED
Appellant argues this court should have ruled on certain constitutional questions. Our prior opinion recited the Supreme Court had previously considered these questions and it had ruled the record failed to present a cause within its direct appellate jurisdiction. This part of the opinion was based on an order of the Supreme Court of Florida, dated February 2, 1971, which stated:
"Following the entry of its order of January 12, 1971, transferring this cause to the District Court of Appeal of Florida, the court has considered the objections filed by the appellant protesting the transfer. The jurisdictional aspects of the matter have been carefully re-examined. Finding that the record fails to present a cause within the direct appellate jurisdiction of this Court, the Court adheres to its order of January 12, 1971, transferring the cause to the *564 District Court of Appeal of Florida, Third District."
Even if we assumed we had jurisdiction to consider these questions, we would hold them to be without sufficient merit for reversal. Johnston v. State ex rel. Carter, Fla.App. 1968, 213 So.2d 435; and Gay v. City of Orlando, Fla.App. 1967, 202 So.2d 896.
The petition for rehearing is
Denied.