376 So.2d 1162 (1979)
TOWN OF HIALEAH GARDENS, a Municipal Corporation, Rene Dibut and David Nichols, Petitioners,
v.
Norman HENDRY, Chief Judge, Tillman Pearson, Thomas H. Barkdull, Jr., Robert M. Haverfield, Raymond G. Nathan, Phillip A. Hubbart, Judges of the District Court of Appeal of Florida, Third District, and Harlan Aaron Gibbons, Respondents.
No. 51982.
Supreme Court of Florida.
November 8, 1979.
*1163 Edward A. Perse and Arnold R. Ginsberg, of Horton, Perse & Ginsberg; P.J. Carroll & Associates, P.A., Miami, for petitioners.
Spiegelman and Spiegelman, and Robert Orseck, of Podhurst, Orseck & Parks, Miami, for respondent Harlan Aaron Gibbons.
SUNDBERG, Justice.
Petitioners have properly invoked the jurisdiction of this Court pursuant to article V, section 3(b)(5), Florida Constitution, and Florida Appellate Rule 4.5b, for issuance of an alternative writ of mandamus directing respondents, Judges of the District Court of Appeal, Third District, to reinstate petitioners' plenary appeal and decide the merits of their case. We have issued an alternative writ of mandamus and, after the receipt of respondents' return, we conclude that a peremptory writ should be issued.
The disputed issue in this cause involves a construction of Florida Rule of Civil Procedure 1.540, and the precise nature of its restrictions upon the actions of a trial judge with respect to the correction of an error in an order, the appeal of which is pending in an appellate tribunal.
The relevant facts of this mandamus proceeding are as follows: The respondent Harlan Aaron Gibbons sued for damages in the Circuit Court for Dade County, Florida, for excessive force allegedly used by petitioners in effecting an arrest. The jury returned a verdict in favor of respondent Gibbons in the amount of $40,000 and, on February 15, 1977, the trial judge entered a final judgment in his favor for the specified amount. Petitioners thereupon filed post-trial motions for a new trial and judgment notwithstanding the verdict or for remittitur.
Respondent Gibbons' counsel submitted a proposed written order denying the post-trial motions. The circuit judge signed the order on March 3, 1977 and, on March 7, 1977, the same was "rendered" by filing with the clerk of the circuit court. See Florida Appellate Rule 1.3. However, petitioners' trial counsel had also prepared a written order of denial which the trial judge signed on March 10, 1977, and which was filed on March 14, 1977. Petitioners' trial counsel had copies of both the March 3, 1977 and March 10, 1977 orders in his possession. The attorney whom petitioners had retained solely for the purpose of appeal, however, received a copy of the March 10, 1977, order only and was apparently unaware of the issuance of the prior order.
On April 7, 1977, petitioners' appellate counsel filed a notice of appeal of the March 10, 1977 order in the District Court *1164 of Appeal, Third District. The notice was filed within 24 days of rendition of the order of March 10, 1977, but within 31 days of rendition of the March 3, 1977 order.
On April 12, 1977, while petitioners' appeal of the March 10, 1977 order was pending, they became aware of the identical order which had been entered on March 3, 1977. Pursuant to Florida Rule of Civil Procedure 1.540, petitioners then moved the trial court to vacate the order of March 3, 1977, on the grounds of clerical mistake and inadvertence. While this motion was pending in the trial court, respondents moved in the district court to dismiss the appeal, claiming that review was proper only of the order of March 3, 1977, as to which order a notice of appeal had been untimely filed. On May 5, 1977, the district court dismissed petitioners' appeal. However, on May 9, 1977, without leave of the district court, the trial court vacated its order of March 3, 1977. Petitioners thereafter filed a petition for rehearing of the district court's order of dismissal, claiming that this action of the trial court had rendered their appeal timely. This petition was denied.
Florida Rule of Civil Procedure 1.540 enunciates the circumstances under which a party may request a court to correct, alter or otherwise grant relief from a final judgment, decree, order or proceeding of that court:
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
* * * * * *
The "clerical mistakes" referred to in section (a) of Rule 1.540 include only "errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order," the latter of which must be corrected pursuant to Rule 1.540(b) (emphasis supplied). Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971); accord, Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971).
In the case sub judice, the error consisted of the failure of petitioners' trial counsel to mail a copy of the March 3, 1977 order denying post-trial motions to the attorney retained by petitioners solely for the purpose of appeal. The trial court obviously concluded that the clerical error resulted from excusable neglect or inadvertence from which the petitioners should be afforded *1165 relief, particularly in view of his entry of a duplicative order on March 10, 1977. Accordingly, this clearly constitutes a "clerical mistake" arising from an "accidental slip or omission," within the purview of Rule 1.540(a). This is so because the correction of this error, by the vacation of order of March 3, 1977, did not result in an alteration of the substance of that order  the order entered by the trial judge on March 10, 1977, which was identical in all material respects to the vacated order, remained in full force and effect.
The trial judge vacated the order in issue on May 9, 1977, while an appeal of the case to which it related was pending in the District Court of Appeal, Third District. Because the error as to this order fell within the ambit of Florida Rule of Civil Procedure 1.540(a), the trial court possessed the authority to correct this mistake without leave of the district court only if the record on appeal had not yet been docketed in the latter tribunal. As the record before us did not reflect whether, on May 9, 1977, the record on appeal had been docketed in the district court, we temporarily relinquished jurisdiction to that court on June 30, 1978, to ascertain that fact. On July 13, 1978, the clerk of the district court certified that no record with respect to the appeal in issue was filed on or before May 9, 1977, the date on which the trial judge vacated the March 3, 1977 order.
Based upon the foregoing, we conclude that, pursuant to Florida Rule of Civil Procedure 1.540(a), the judge of the Circuit Court for Dade County, Florida, possessed jurisdiction to vacate the order of March 3, 1977.[1] Because appeal of the order issued on March 10, 1977, was therefore proper and the notice of said appeal was timely filed, a peremptory writ of mandamus should issue commanding respondent judges of the District Court of Appeal, Third District, to docket and consider petitioners' appeal in Case No. 77-728.
It is so ordered.
ENGLAND, C.J., and BOYD and McDONALD, JJ., concur.
OVERTON, J., dissents with an opinion with which ADKINS and ALDERMAN, JJ., concur.
OVERTON, Justice, dissenting.
I strongly dissent. The issue in this case evolves from the trial court's entry of two identical orders on different dates denying post-trial motions and from trial counsel's sending to appellate counsel only the last order, which resulted in the appeal being filed late. I totally disagree with the holding of the majority that a "clerical mistake" under Florida Rule of Civil Procedure 1.540(a) may consist of trial counsel's failure to mail a copy of the correct appealable order to appellate counsel.
Florida Rule of Civil Procedure 1.540 specifies the circumstances under which a party may request a court to correct, alter, or otherwise grant relief from a final judgment, decree, order, or proceeding of a trial court.[1]
*1166 The "clerical mistakes" referred to in section (a) of Rule 1.540 include "errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order," the latter of which must be corrected pursuant to Rule 1.540(b), Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1972) [emphasis supplied], accord, Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971).
In this case the error consisted of the failure of petitioners' trial counsel to mail a copy of the March 3, 1977, order denying post-trial motions to the attorney retained by petitioners solely for the purpose of appeal. The trial court and the majority concluded that this was a clerical error by the court under Rule 1.540(a) resulting from the duplicate orders and constituted excusable neglect or inadvertence of petitioners' attorney, from which the petitioners should be afforded relief.
No contention is made that the orders were erroneous or improper. Although the trial court entered two identical orders on two different dates, the trial counsel for each side had both orders. The so-called "clerical mistake" occurred when petitioners' trial counsel failed to send the first court order to appellate counsel.
The sole purpose of petitioners' motion for relief was to extend the jurisdictional time for filing an appeal in order to excuse the neglect of trial counsel from his failure to deliver the proper appealable order to appellate counsel. It is my view that the "clerical error" portion of Rule 1.540(a) was never intended to be used for this purpose. The majority is construing the rule to fit the problem.
The petition for writ of mandamus should be denied.
ADKINS and ALDERMAN, JJ., concur.
NOTES
[1] See Pentecostal Holiness Church, Inc. v. Reed, 257 So.2d 1 (Fla. 1972).
[1] (a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.