385 So.2d 724 (1980)
David A. McKIBBIN, Esquire, As Personal Representative of the Estate of Wilfred H. Higbie, Deceased, and Liberty Mutual Insurance Company, a Foreign Corporation, Petitioners,
v.
Michael E. FUJAREK and Marilyn Fujarek, Individually and As Husband and Wife, Respondents.
No. 79-2375.
District Court of Appeal of Florida, Fourth District.
July 2, 1980.
Mark A. Dresnick of Leesfield & Blackburn, Miami, for petitioners.
James B. Denman of Bunnell, Graham & Denman, P.A., Fort Lauderdale, for respondents.
PER CURIAM.
In our discussion on this petition for writ of common law certiorari the parties will be referred to as they appeared in the trial court. The defendants seek our writ of certiorari to quash an order of the trial court which allowed the plaintiffs to file an amended notice of voluntary dismissal more than one year after the entry of the original notice of dismissal. We find that the court departed from the essential requirements of law and quash the order.
*725 The plaintiffs commenced two suits on the same cause of action against the defendants for personal injuries, one in Broward County Circuit Court and one in Dade County Circuit Court. Pursuant to an alleged agreement with opposing counsel the plaintiffs filed a notice of voluntary dismissal in the Broward County action; however, they contend the notice inadvertently contained the words with prejudice. Fifteen months later the defendants filed motions to dismiss, for summary judgment, for directed verdict, and for leave to add the affirmative defense of res judicata, in the Dade County action. Thereupon, pursuant to Fla.R.Civ.P. 1.540(a), the plaintiffs sought, and were granted, leave to amend their notice of dismissal in the Broward County action to exclude the words "with prejudice", thereby avoiding the res judicata effect of the dismissal in the Broward County action. The issue is whether Rule 1.540(a) can be employed to correct substantive errors of counsel. We hold that it cannot.
We initially reject defendants' (petitioners') argument that the trial court exceeded its jurisdiction because the original dismissal divested the court of jurisdiction. Although there is no doubt that a voluntary dismissal under Rule 1.420(a), Fla.R.Civ.P., divests the court of jurisdiction to entertain a later request for reinstatement of a cause of action, Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, 371 So.2d 492 (Fla. 4th DCA 1979); Randle-Eastern Ambulance Services v. Vasta, 360 So.2d 68 (Fla. 1978); Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1971), Rule 1.540(a) allows the court to correct clerical mistakes, and errors from oversight or omission, in any part of the record at any time. The Rule provides:
Rule 1.540. Relief from Judgment, Decrees or Orders
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
Thus, we are not concerned with the court's jurisdiction, but rather the extent to which this Rule may be applied.
The Rule limits relief to those seeking to correct errors or misprisions that result from an accidental slip or omission. When a trial court's order under the Rule goes beyond the correction of a technical error and actually modifies the substance of a record the court has acted in excess of the power conferred upon it by the rule. Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla. 1979); De Baun v. Michael, 333 So.2d 106 (Fla. 2nd DCA 1976). By allowing the amended notice of voluntary dismissal to eliminate the words "with prejudice" the court obviously changed the substantive effect of the dismissal from one with finality to one without. We find this to be a departure from the essential requirements of the law. Furthermore, the record does not indicate that the original notice of dismissal was the product of a technical, clerical error or omission. If anything, it would seem to have been the product of "mistake, inadvertence, or excusable neglect" which may be remedied by employment of Fla.R.Civ.P. 1.540(b).
Accordingly, certiorari is granted and the trial court's order allowing an amended notice of dismissal is quashed.
MOORE, GLICKSTEIN and HURLEY, JJ., concur.