479 So.2d 840 (1985)
Conrad Bragg PETERS, Appellant,
v.
Maggie Louise PETERS, n/k/a Maggie Louise Thomas, Appellee.
No. BD-206.
District Court of Appeal of Florida, First District.
December 16, 1985.
E.J. Johnson, III, Jacksonville, for appellant.
S. Perry Penland, Jr., of Penland, Penland, Pafford & Jones, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a final order by which appellee was granted $6,860.00 in child support arrearages. We reverse in part and remand for a reconsideration of the amount of arrearages to be paid.
Appellant and appellee were divorced in Florida in 1969, and appellant was ordered to pay child support of $5.00 per week for each of the parties' two children. Appellee and the children later moved to Ohio where they began receiving public assistance, and appellee assigned to Ohio welfare authorities her right to child support under the order. After appellant failed to meet his payments, a motion for contempt was filed in the trial court on behalf of appellee on January 21, 1982. By order of contempt dated April 22, 1982, the court found appellant to be in arrears in the amount of $550.00. The order was not appealed.
On June 8, 1984, after appellee had returned to Florida, she filed a motion for relief from the order of April 22, 1982; an amended motion for contempt and for judgment on arrearages; and a petition to modify the original final judgment. Appellee claimed child support arrearages of more than $7600.00. Appellee's son, who was 19 at the time of the hearing on the motion, had executed a written assignment to appellee of his right to sue for the arrearages. In an August 18, 1984 order the court resolved standing issues in appellee's favor, held that the 1982 determination of *841 arrearages in amount of $550.00 was the result of a clerical error in the records of the Domestic Relations Depository, and found that the error was correctable by the court at any time pursuant to Rule 1.540(a), Fla.R.Civ.P. The new order "corrected" and amended the 1982 order, found appellant to be $6,860.00 in arrears, and granted final judgment for that amount.
We find merit in appellant's argument that the trial court erred in adjusting the amount of arrearages due under Rule 1.540(a), Fla.R.Civ.P. That rule provides:
Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
The clerical mistakes covered by this rule have been defined to include "only errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order." (e.s.) Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla. 1979); 32 Fla.Jur. Judgments & Decrees, Sec. 52-59. Mistakes of the latter character must be corrected pursuant to Rule 1.540(b). The change in this case in the amount of child support due under the 1982 order, from $550.00 to $6,860, is clearly a change in "substance" which could have been corrected only under Rule 1.540(b), and within its time constraints. Mills v. Mills, 353 So.2d 954 (Fla. 1st DCA 1978). Appellee's contention is that the erroneous evidence offered in 1982 originated in a "clerical" mistake in data from the Domestic Relations Depository. Assuming such an error, that occurrence as well as the omission of appellee's assignee to produce other evidence in that proceeding would appear to be matters inhering in the judgment entered and beyond reach of the rule cited by the court.
Appellant also asserts that the court erred in finding appellee had standing to proceed by motion for contempt based on the assignment in evidence, executed by her son after his 18th birthday.[1] We need not address the particulars of that argument in order to affirm the order as to standing, because the order now appealed is not an order of contempt but instead is one which only grants "Plaintiff's Motion for Final Judgment on the arrearages contained within her Amended Motion... ." The authorities cited do not preclude entry of that order on such an assignment. We note that this issue was never raised with respect to the 1982 contempt judgment which was not appealed.
The order is accordingly reversed and the cause remanded for a reconsideration of the correct amount of child support due, consistent herewith.
ERVIN and ZEHMER, JJ., concur.
NOTES
[1] Appellant cites Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982); Lamm v. Chapman, 413 So.2d 749 (Fla. 1982); and Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979).