DOWNEY, Judge.
Appellant, L.B.G. Properties, appealed from a final judgment of foreclosure, dated April 30, 1986, and from an order, dated April 16, 1987, denying its motion to modify the aforesaid final judgment. This court previously dismissed the appeal from the final judgment because the notice of appeal was untimely. A pending motion to dismiss the appeal as to the order denying appellant’s motion to modify the final judgment was deferred until the decision on the merits of the appeal.
Appellee, Chisholm Realty, was awarded a final judgment of foreclosure of a third wraparound mortgage on April 30, 1986, in the sum of $6,788,521.16 including principal and interest. Appellee bought the property in for a bid credit in said amount. The final judgment provided that, if the property should be released from a stay issued by the United States Bankruptcy Court, the appellee should apply to the Clerk of the Circuit Court to set a date and sell the property at public sale, after giving notice thereof according to law, in the event the defendants failed to pay the amount due on the mortgage and note. In due course, the bankruptcy proceeding ended and the clerk was notified to set a sale date. Prior to the sale date, appellant filed its motion to modify the final judgment of foreclosure so as to facilitate bidding by third parties who might bid on the first or second underlying mortgages. From an order denying said motion appellant perfected this appeal.
Appellant contends that, in directing a sale of the property, the trial court was required to establish bidding procedures for the sale so as to facilitate the bidding by providing that third parties could bid the amount due appellee without having to also bid the amount of the other two mortgages. Appellee, relying upon J.M. Realty Investment Corp. v. Stern, 296 So.2d 588 (Fla. 3d DCA 1974), argues, to the contrary, that it is entitled to bid the amount of the note and mortgage as provided in the judgment. Furthermore, appellee points out that the final judgment was entered April 30, 1986, and it provided the manner in which the sale should take place. No appeal was taken from said judgment. Thus, appellee argues, the judgment has long since become final and the motion to modify filed by appellant almost one year later does not meet the requisites of Florida Rule of Civil Procedure 1.540.
Appellant seeks to have this court review the non-appealable final judgment of foreclosure. The time to complain about the contents of the final judgment or the procedures set forth therein was within ten days after the judgment was entered as provided in Florida Rule of Civil Procedure 1.530. Appellee’s motion to modify was more closely akin to a motion for rehearing or clarification of the judgment or a motion to alter or amend the judgment to include the specifics appellant believed were necessary, rather than a rule 1.540 motion for relief from the judgment. Thus, although the motion was filed within one year after the judgment, the order denying it should not be reviewable as a rule 1.540 non-final appeal because none of the reasons provided in rule 1.540 were set forth in appellant’s motion and the motion did not seek relief from the judgment, it merely requested that additional information be included therein. In other words, the motion to modify the judgment did not postpone rendition of the judgment, so the judgment cannot be called up for review by an appeal from the order of April 16, 1987, which denied the motion, and the order denying the motion does not qualify as a non-final *515 order that is reviewable under Florida Rule of Appellate Procedure 9.130 because it was not an order denying a rule 1.540 motion. We therefore conclude that this court lacks jurisdiction and the appeal should be dismissed.
DISMISSED.
LETTS and GUNTHER, JJ., concur.