NIMMONS, Judge.
Appellants, defendants below, assert that the trial court erred in permitting the plaintiff, more than one year after the filing of *835 a notice of voluntary dismissal “with prejudice,” to amend the notice to provide that dismissal was “without prejudice.” We agree with appellants that the trial court erred and therefore reverse.
Appellee filed a personal injury suit against appellants in Dixie County. In November 1987, appellee filed a notice of voluntary dismissal with prejudice. In November 1989, appellee filed a “motion for relief,” in reliance upon Rule 1.540(a), Florida Rules of Civil Procedure, asserting that counsel had intended to dismiss the action without prejudice and refile it in Manatee County, and that the filing of the notice of dismissal “with prejudice” had been a clerical error.[1] In support of his assertions, appellee attached an affidavit of his attorney. Appellee requested that he be permitted to amend the notice of dismissal to provide that dismissal was “without prejudice.” After a hearing, the trial court granted the appellee’s motion for relief.[2]
Appellants assert that the inadvertent dismissal with prejudice is a substantive error which cannot be corrected under Rule 1.540(a), but may be remedied only by way of Rule 1.540(b), which requires that the party seeking relief do so within one year of the error.
The “clerical mistakes” referred to in section (a) of Rule 1.540 include only “errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order,” the latter of which must be corrected pursuant to Rule 1.540(b). Quoting Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971) (emphasis original).
Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979). Accordingly, the trial court has no authority under Rule 1.540(a) to make substantive changes in the record. Peters v. Peters, 479 So.2d 840 (Fla. 1st DCA 1985); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980).
In Hendry, supra, the trial court issued two identical orders which were filed, respectively, on March 7 and March 14. Appellate counsel received a copy of the March 14 order from trial counsel and was unaware of the issuance of the March 7 order, with the result that the April 7 notice of appeal was untimely as to the March 7 order. The supreme court held that trial counsel’s failure to provide a copy of the March 7 order to appellate counsel constituted a clerical mistake which the trial court was authorized to correct by vacating the March 7 order so as to render the notice of appeal timely. The court explained that the trial court’s vacation of the first order “did not result in an alteration *836 of the substance of that order — the [second order], which was identical in all material respects to the vacated order, remained in full force and effect (emphasis original).” Id. 376 So.2d at 1165.[3]
In Miller v. Fortune Insurance Co., 484 So.2d 1221 (Fla.1986), the supreme court held that the inadvertent designation of a notice of voluntary dismissal as “with prejudice” when dismissal without prejudice had been intended was the sort of “mistake, inadvertence or excusable neglect” which Rule 1.540(b) contemplates. Accordingly, the court found that the trial court had the authority under Rule 1.540(b) to grant relief from the effect of the inadvertent dismissal with prejudice.[4]
In McKibbin, supra the Fourth District addressed the precise issue presented in the instant case, and held that “[b]y allowing the amended notice of voluntary dismissal to eliminate the words ‘with prejudice’ the court obviously changed the substantive effect of the dismissal from one with finality to one without.” 385 So.2d at 725. We agree with our sister court that such a correction is substantive in nature, in that it clearly has the effect of altering the substantive terms of the dismissal such that refiling of the original action is no longer precluded. It follows that the correction sought by appellee is available only under Rule 1.540(b), and that the motion for relief filed more than a year after entry of the voluntary dismissal was untimely.
REVERSED.
ERVIN, J., and THOMPSON, FORD L. (Ret.), Associate Judge, concur.

. Rule 1.540 provides:
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pend-ency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes: Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.

. The record contains no transcript of this hearing, but it appears that no evidence was presented thereat.

. The Hendry opinion does not indicate why relief was not sought pursuant to rule 1.540(b).

. While the Miller court did not address the question of whether the error at issue could have been corrected by resort to Rule 1.540(a), we take note that the supreme court referred to this error as a "clerical substantive [error]." Id. at 1224.