PER CURIAM.
We reverse an order granting a motion to correct and amend a judgment. The appellee initially moved only for relief on a claim of clerical mistake. Rule 1.540(a), Fla.R.Civ.P. At a hearing on that motion, fifteen months after the judgment, the ap-pellee, for the first time, orally sought to amend, pursuant to rule 1.540(b), to correct a substantive error due to excusable neglect or mistake.
It is clear that appellee was not entitled to relief under subsection (a) of the rule. Cf. Frisard v. Frisard, 497 So.2d 885 (Fla. 4th DCA 1986); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980); Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971); Peters v. Peters, 479 So.2d 840 (Fla. 1st DCA 1985). The proposed amendment of the judgment substantially changed its impact and effect.
Appellee’s oral motion to amend the judgment pursuant to rule 1.540(b) was untimely. The rule specifies that such a motion be made not more than one year after entry of the judgment. There was nothing in the original motion based on clerical error to indicate that appellee was claiming under rule 1.540(b). We conclude that the trial court lacked jurisdiction to grant the relief ordered under subsection (b). E.g. Metropolitan Dade County v. Certain Lands upon which Assessments are Delinquent, 471 So.2d 191 (Fla. 3d DCA 1985). We consider E.F. Hutton v. Sussman, 504 So.2d 1372, 1373 n. 1 (Fla. 3d DCA 1987), relied upon by appellee, to be inapposite.
Therefore, the trial court’s order granting appellee’s motion is reversed. Upon remand, the amended final judgment should be vacated and the original judgment reinstated.
LETTS, DELL and STONE, JJ., concur.