ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant’s pro se motion for rehearing and substitute the following opinion.
Appellant appeals from an Order of Clarification of the trial court’s Order on Former Wife’s Petition for Modification filed January 19, 1994, arguing that the trial court lacked jurisdiction to enter the order. We agree and reverse and remand with directions to vacate the Order of Clarification.
The parties were divorced on July 21, 1987 and had five minor children bom of the marriage. The Final Judgment dissolving the marriage granted both parents shared parental responsibility with appellee being the primary residential custodian. Appellant was directed to pay child support to appellee in the amount of $350 per month or $70 per child to appellee.
On November 5,1987, the court entered an Order on Former Husband’s Motion for Determination/Clarification relieving appellant, former husband, of any child support obligation during the summer visitation period while the children were with appellant.
On January 12, 1994, appellee filed a Petition for Modification of Child Support Agreement. According to the petition, in December 1991, the parties entered into an agreement with respect to child support whereby appellant was to pay $900 per month for the five children during the period from January 1, 1992 through December 31, 1993. In her Petition for Modification, ap-pellee requested that child. support be increased to meet the statutory guidelines.
On March 18, 1996, the trial court entered an Order on Former Wife’s Petition for Modification Filed January 19, 1994. Paragraph 10 of the court’s Order directed that in accordance with child support guidelines, former husband shall pay $1,309 per month for the remaining three minor children living at home, commencing March 1, 1996, until one of the children turns 18 or graduates High School, whichever is later. Paragraphs 11 and 12 further sets forth a reduction in the amount of child support as each of the remaining children attained the age of 18 or graduated.
On March 26, 1996, appellant filed a motion for reconsideration of the March 18th Order. Said motion was denied on April 25, 1996. On August 12, appellee filed a Motion to Enforce the Order on Wife’s Petition for Modification and for Child Support Payments. In said motion, appellee alleged that appellant refused to pay child support as directed by the court, but rather, reduced the child support payments when he had custody of the children.
On September 10, 1996, appellee filed a Motion for Clarification of Court’s Order Dated March 18,1996 to determine whether, under Paragraph 10, child support shall con *59 tinue during the summer .months regardless of whether the children are with appellant during those months. Appellee alleged that appellant believed that he did not have to pay-child support during the summer months when the children were with him. She however, claimed that it was her intention in filing her Petition for Modification, that child support be paid continuously.
Following a hearing on the Motion for Clarification, the trial court granted appel-lee’s motion. On October 28, 1996, the court clarified its intent, stating that Paragraphs 10, 11, and 12 of the Order were to apply year-round with no deviation or reduction of child support permitted for any month.
Appellant takes the position that the trial court was without jurisdiction to enter the Order of Clarification under rule 1.530, Florida Rules of Civil Procedure. He argues that at no time prior to her motion for clarification did appellee raise the issue for child support to continue during the summer months when appellant had custody of the minor children. Appellant contends that the March 18, 1996 Order on the Petition for Modification became final following the denial of his motion for reconsideration, rendered April 26, 1996. Appellee’s motion for clarification was dated September 10, 1996. Thus, appellant claims that the 10-day requirement for serving a motion for rehearing pursuant to rule 1.580 governs in this instance.
Rule 1.530 provides that a motion for rehearing shall be served not later than 10 days after the date of filing of the judgment in a non-jury action. Fla. R. Civ. P. 1.530. It is well settled that a motion for clarification is the equivalent to a motion for rehearing. See Trawick, Fla. Prac. and Proc. § 26-1 (ed.1996). A trial court may not extend the time for making a motion for rehearing. Where a motion for rehearing was untimely, the trial court is without jurisdiction to grant it. Catsicas v. Catsicas, 669 So.2d 1126, 1127 (Fla. 4th DCA 1996).
Appellee concedes that if her motion for clarification was treated as a motion for rehearing, it would have been untimely filed. However, she contends that her motion, although entitled Motion for Clarification, is in reality a motion for relief from judgment due to omission or oversight, pursuant to rule 1.540(a), Florida Rules of Civil Procedure, which provides:
Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders ...
In this case, instead of an omission or oversight by the court, which would necessitate clarification, we hold that appellee was in fact seeking a modification of the Order to include additional language not included in the original order. Similarly, in L.B.G. Properties, Inc. v. Chisholm Realty Co. Inc., 522 So.2d 513 (Fla. 4th DCA 1988), appellant requested this court to review a nonap-pealable final judgment of foreclosure where no appeal was taken from the final judgment. Appellant filed a motion to modify the final judgment and appealed from an order denying the same. In dismissing the appeal for lack of jurisdiction, this court held:
The time to complain about the contents of the final judgment or the procedures set forth therein was within ten days after the judgment was entered as provided in Florida Rule of Civil Procedure 1.530. Appel-lee’s motion to modify was more closely akin to a motion for rehearing or clarification of the judgment or a motion to alter or amend the judgment to include the specifics appellant believed were necessary,rather than a rule 1.540 motion for relief from the judgment. Thus, although the motion was filed within one year after the judgment, the order denying it should not be reviewable as a rule 1.540 non-final appeal because none of the reasons provided in rule 1.540 were set forth in appellant’s motion and the motion did not seek relief from the judgment, it merely requested that additional information be included therein.
Id. at 514.
As in L.B.G. Properties, in this case, no motion for rehearing on the Order on Petition for Modification was ever timely filed, *60 and none of the reasons provided in rule 1.540 were set forth in appellee’s motion.
We accordingly hold that appellee’s motion for clarification was untimely filed, and is not reviewable as a rule 1.540 motion. As such, the trial court was without jurisdiction to grant her motion, and we therefore direct the trial court to vacate the Order of Clarification.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL, FARMER and SHAHOOD, JJ., concur.