GROSS, C.J.
We affirm the trial court’s denial of a motion for relief from judgment brought pursuant to Florida Rule of Civil Procedure 1.540(a). The motion sought to change a substantive provision of the order, not a “clerical mistake” that may be reached under the rule.
In a 2005 final judgment of dissolution, the circuit court ordered the former husband to pay $1,509.82 per month in child support and $2,000 per month in alimony. Concluding that the trial court erred in its imputation of income, this court reversed and remanded to the circuit court with directions “to revisit not only the former husband’s child support obligations, but also his obligations with respect to alimony and attorney’s fees.” Brown v. Cannady-Brown, 954 So.2d 1206, 1210 (Fla. 4th DCA 2007). After a hearing, on May 5, 2008, the circuit court ordered the former husband to pay $360.81 per month in child support “effective July 11, 2005.” In a separate paragraph, the court reduced the alimony obligation from $2,000 a month to “$1.00 a month subject to modification upon the Former Husband obtaining gainful employment.” Unlike the ruling on child support, the court’s order was silent as to the effective date of the $1.00 per month alimony obligation.
More than five months after the trial court issued its order on remand, the former husband filed a motion to “clarify” it. He contended that the child support ledger reflected past due alimony amounts exceeding $60,000, plus interest and penalties, from July 11, 2005 through 2008. He requested that the court amend its May 5 order to make the $1 per month alimony retroactive to July 11, 2005. A month later, the former husband filed a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(a), which reasserted the same facts and request for relief contained in the earlier motion to clarify.
The trial court denied the former husband’s motion without explanation except to cite Solmo v. Friedman, 909 So.2d 560 (Fla. 4th DCA 2005). We construe the order as denying the motion because the former husband had waived the issue of the retroactive application of the new alimony determination by failing to raise it in a timely motion for rehearing or to alter or amend the judgment under Florida Rule of Civil Procedure 1.530, which provides a deadline of ten days. See Fla. R. Fam. L. 12.530.
In Malone v. Percival, 875 So.2d 1286, 1288 (Fla. 2d DCA 2004), the second district described the limits of rule 1.540(a) to correct errors other then “clerical mistakes”:
“A trial court may correct a clerical error ‘at any time on its own initiative’ pursuant to Florida Rule of Civil Procedure 1.540(a), but judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days pursuant to Florida Rule of Civil Procedure 1.530[ (g) ], or by appellate review.” Bolton v. Bolton, 787 So.2d 237, 238-39 (Fla. 2d DCA 2001). As stated in Byers v. Callahan, 848 So.2d 1180, 1184 (Fla. 2d DCA 2003), “[t]he ‘clerical mistakes’ referred to by Rule 1.540(a) are only ‘errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order.’ Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979) (quoting Keller v. Bel *168 cher, 256 So.2d 561, 563 (Fla. 3d DCA 1971)).”
In a family law case, the length of time that an obligation is to be paid is an error that affects the substance of a judgment; not a “clerical” mistake that can be corrected under rule 1.540(a). See Malone, 875 So.2d at 1288 (holding that the addition of a provision extending support beyond child’s eighteenth birthday “was substantive, not clerical”); Padot v. Padot, 891 So.2d 1079, 1084-85 (Fla. 2d DCA 2004) (holding that changing the period of retroactivity of sums owed to former wife was not a “clerical correction under rule 1.540”); Fuller v. Fuller, 706 So.2d 57, 59-60 (Fla. 4th DCA 1998) (holding that provision relieving father of obligation to pay child support during the summer was substantive provision and not an “omission or oversight” that could be corrected under rule 1.540(a)).
The former husband did not timely bring a motion under rule 1.530. Nor did he raise the issue of retroactivity of the alimony payments in a timely filed appeal. We affirm the trial court’s order denying the rule 1.540(a) motion.
POLEN and LEVINE, JJ., concur.