PER CURIAM.
In this case, we consider whether Florida’s Rule of Civil Procedure allowing for corrections of “clerical mistakes,” encompasses authorization to supplement a final deficiency judgment by clarifying the party defendants’ status in the litigation almost three years after the entry of the initial judgment. See Fla. R. Civ. P. 1.540(a).
This case arose as a Florida foreclosure action filed by Whitney National Bank against Jerry O. Lorant and others in 2007. In 2010, the trial court entered a final judgment of foreclosure and the property was sold. Following the sale in 2011, the court entered a final deficiency judgment as to Mr. Lorant and two other *245 named defendants in favor of the bank. The bank then sought to domesticate the final deficiency judgment in Alabama against Mr. Lorant, but the Alabama courts did not allow it. Under Alabama law, the deficiency judgment had to reflect that Mr. Lorant was the sole remaining defendant and that all claims, rights, or liabilities of the other parties had been adjudicated. See Whitney Bank v. Lorant, 148 So.3d 1077, 1078 n. 1 (Ala.2014) (Moore, C.J., dissenting).
To solve its Alabama problem, the bank returned to the circuit court in Florida in 2014. It filed a motion to correct a final deficiency judgment pursuant to Rule 1.540(a)’s allowance for the correction of “clerical mistakes.” The bank asked the court to modify its 2011 deficiency judgment to reflect that Mr. Lorant was the sole remaining defendant and that all claims, rights, or liabilities of the other parties had been adjudicated. Over Mr. Lorant’s objection, the trial court granted the motion, entering a “Corrected and Supplemental” final deficiency judgment. Mr. Lorant then appealed.
We review rulings under Florida Rule of Civil Procedure 1.540(a) under an abuse of discretion standard. See Clements Agency v. Lungstrum, 827 So.2d 360 (Fla. 1st DCA 2002). Rule 1.540(a) specifically allows for the correction of “clerical mistakes” and “errors” in judgments “arising from oversight or omission” for an indefinite period of time. Rule 1.540(b), on the other hand, allows for the correction of other mistakes or inadvertence in a final judgment for “a reasonable time ... not more than 1 year after the judgment^]” The bank in this case filed its motion under Rule 1.540(a), requiring a “clerical mistake” as opposed to some other kind of mistake. Our court has recognized clerical mistakes include “only ‘errors or mistakes arising from an accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order,’ the latter of which must be corrected pursuant to Rule 1.540(b).” Freeman v. Sanders, 562 So.2d 834, 835 (Fla. 1st DCA 1990) (quoting Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971), and citing Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979)). A trial court “has no authority under Rule 1.540(a) to make substantive changes.” Freeman v. Sanders, 562 So.2d at 835 (citing Peters v. Peters, 479 So.2d 840 (Fla. 1st DCA 1985); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980)). And relief under Rule 1.540(a) may not be appropriate where “[t]he proposed amendment of the judgment substantially change[s] its impact and effect.” Gulfstream Micro Sys., Inc. v. Kingsbridge Boca Associates, 564 So.2d 554, 555 (Fla. 4th DCA 1990).
The mistake involved in this case resulted in the trial court “supplementing” its initial final deficiency judgment in order to more definitively address the litigation status of the three party defendants. This correction and supplement to the previous final judgment represented a substantive change, not the sort of accidental slip or omission permitted to be corrected under Rule 1.540(a). In fact, nothing in the record indicates that a “mistake” existed at all in the initial judgment; rather the bank’s issue was that Alabama required these matters to be addressed in a substantively different manner.
Accordingly, we reverse the trial court’s order granting the Rule 1.540(a) motion and remand for reinstatement of the original final deficiency judgment.
PADOVANO, MARSTILLER, and OSTERHAUS, JJ., concur.