GOSHORN, Judge.
Appellees filed suit to foreclose Appellant’s mortgage. To defeat the foreclosure action, Appellant raised the defense of economic duress, i.e., business compulsion. Specifically, Appellant asserted that Appellees’ predecessor in interest, the original mortgagee, had fraudulently misrepresented the terms by which it would loan Appellant $25.5 million and then, after Appellant had altered its economic situation to enter into the mortgage, the mortgagee changed the terms of the loan to Appellant’s detriment. Appellant argues it closed the loan only because it had no other choice financially. Under these facts, Appellant argued, foreclosure should not proceed. The trial court rejected Appellant’s argument, as do we.[1]
Assuming that Appellant was forced to close the loan due to economic duress, Appellant’s remedy was to file suit after closing for breach of the terms of the loan commitment agreement. Instead, however, Appellant performed under the terms of the loan for over eight years without raising its claim. Further, it entered into two subsequent agreements which acknowledged the debt, one with the original mortgagee and the other with the Department of Housing and Urban Affairs. These agreements benefited Appellant by staying acceleration contingent upon Appellant’s compliance with the obligations of the agreements. Under these circumstances, we hold that Appellant was properly held estopped from raising the defense of economic coercion or business compulsion. See Farnham v. Blount, 152 Fla. 208, 11 So.2d 785, 789 (1942) (holding that after a party obtains knowledge that a fraud has been worked upon him, “a delay in instituting judicial proceedings for relief, generally, will be regarded as a bar to equitable relief’); Hendricks v. Stark, 99 Fla. 277, 126 So. 293 (1930) (“It has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the validity and effect of a contract; and, where one has an election to ratify or disaffirm a conveyance, he can either claim under or against it, but he cannot do both, and, having adopted one course with knowledge of the facts, he cannot afterwards pursue the other.”).
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.

. We address only this issue as it disposes of Appellant's remaining arguments on appeal.