PER CURIAM.
Americana Associates Ltd., (Americana), appeals a summary final judgment and an order denying rehearing of that judgment in which WHUD Real Estate Limited Partnership, (WHUD), prevailed in an action initiated by Americana. WHUD cross-appeals the denial of its motion for attorney’s fees made pursuant to section 57.105, Florida Statutes (2000).
I. Prior Actions
This is the second appearance of the parties before this court. The first was in Americana Associates Ltd. v. WHUD Real Estate Ltd., 715 So.2d 955 (Fla. 5th DCA) (WHUD I), rev. denied 728 So.2d 200 (Fla.1998), in which this court affirmed a mortgage foreclosure initiated by WHUD. In that appeal, Americana defended by alleging that the original mortgagor[1] fraudulently misrepresented the terms by which it would loan Americana 25.5 million dollars and that Americana had no other choice financially but to close the loan upon the changed terms. This court held that Americana was estopped from asserting such a defense after having performed under the terms of the loan for eight years and entering into two subsequent agreements that stayed acceleration and acknowledged the debt.
Americana then filed a federal action in 1999 against Condor One, Inc., WHUD’s immediate assignor of the mortgage. This case was ultimately disposed of in Americana Associated Ltd., et. al. v. Condor One, Inc., 239 F.3d 369 (11th Cir.2000) (table). We note that Americana’s complaint against Condor One, Inc. alleged issues nearly identical to the issues raised in Americana’s counterclaim in WHUD I.

II. The Trial Court’s Denial of WHUD’s Attorney’s Fees

WHUD requested an award of attorney’s fees pursuant to section 57.105, Florida Statutes (2000), because Americana failed to plead a justiciable issue of law or fact. The trial court denied the motion, finding that Americana presented a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law pursuant to section 57.105(2).
Neither the record nor Americana’s brief supports the trial court’s finding that Americana sought to change the law in good faith. It was the trial court who expressed its view that the Florida Supreme Court should change Florida Rule of Civil Procedure 1.540(b) that limits the time to one-year during which a challenge to a judgment for intrinsic fraud may be made. Americana’s argument was that the fraud allegedly committed in the instant case did not constitute intrinsic fraud *1196 and was not limited by the one-year limitation period prescribed by Rule 1.540(b).[2]
Notwithstanding its failure to prevail in both WHUD I and in the federal court against WHUD’s assignor of the mortgage, Americana filed the instant suit. The only material difference in the allegations made in the instant case and WHUD I is that Americana alleged that WHUD’s attorneys in WHUD I misrepresented to the court that WHUD did not assume all of the liabilities of the original mortgagee when it accepted the assignment of mortgage.[3]
We fail to see the significance of the additional allegation when one considers that the outcome of WHUD I would have been the same whether the original mortgagee or a remote assignee had initiated the foreclosure action. As noted, this court determined in WHUD I that notwithstanding all of the allegations of wrong doing by the original mortgagee, Americana was estopped from asserting those wrong doings after having paid on the mortgage for eight years and entering into two agreements during that time that stayed acceleration and acknowledged the existence of the debt.
We view the instant action as an attempt by Americana to relitigate WHUD I and the same issues presented in the federal action brought by Americana against WHUD’s assignor. New issues were not presented by Americana that would allow it to fall within the safe harbor of the provisions of § 57.105(2) of the Florida Statutes and the trial court abused its discretion in failing to award attorney’s fees to WHUD. Cf. Olson v. Potter, 650 So.2d 685 (Fla. 2d DCA 1995) (complaint alleging breach of settlement agreement was merely an attempt to relitigate issues raised in postjudgment proceedings in underlying litigation and, thus, defense was entitled to attorney’s fees after prevailing on affirmative defense of res judicata); Bay Financial Savings Bank, F.S.B. v. Hook, 648 So.2d 305 (Fla. 2d DCA 1995) (fifing of law suit that is nonjusticiable on its face offers appropriate setting for fulfilment of section 57.105’s purpose to deter misuse of the judicial system).

III. Conclusion

We affirm the summary final judgment and reverse the denial of WHUD’s motion for attorney’s fees. We remand to the trial court for the determination of the amount of those fees.
AFFIRM IN PART; REVERSE IN PART.
PETERSON, PLEUS and MONACO, JJ., concur.

. WHUD is a remote assignee of the mortgage.

. Rule 1.540(b) has changed since the opinion in DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), was rendered to limit challenges for both intrinsic and extrinsic fraud to one-year.

. Americana asserts that the trial court found that WHUD's counsel misrepresented that lack of assumption. That finding is disputed and it appears that the trial court gave the benefit of the allegation to Americana in finding for WHUD on other grounds.