GREEN, J.
Harbor Bay Condominiums, Inc. (“Harbor Bay”) appeals a post-judgment order which denied its motion for reinstatement and to amend summary final judgment. For the following reasons, we affirm.
Bank One National Association (“Bank One”) filed a foreclosure action against a condominium unit owned by Fabian and May Anne Basabe, claiming past due mortgage payments. Harbor Bay was also named as a defendant. Harbor Bay cross-claimed the Basabes, seeking past due association fees, costs, and attorney’s fees.
On August 19, 2002, summary final judgment was entered in favor of Bank One and Harbor Bay. Specifically, as to Harbor Bay’s cross-claim, the summary final judgment provides:
4. ATTORNEY’S FEES
* * *
b. The Declaration of Condominium and Florida Statute 718 provides for Crossclaimant’s attorneys fees. Crossclaimant has retained an attorney and the Court finds that 27.20 hours have reasonably been expended by crossclaimant as set forth on said attorney’s Affidavit. Further, Cross-claimant’s counsel has filed a supporting attorneys fee Affidavit by an independent attorney. The hourly fee of $175.00 is a reasonable hourly fee. Below is a total fee awarded pursuant to Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
5. DAMAGES:
[[Image here]]
b. There is now due and owing to Crossclaimant Harbour Bay Condominium, Inc. under the Declaration of Condominium and Condominium claim of hen sued upon herein the following sums of money to wit.
1) Regular monthly assessments (25 months @ $638.71 per month from 8/1/00 through 8/1/02 $15,967.75
2) Special assessments of 4/5/01 $ 609.00
3) Special assessment of 1/10/02 $ 9,466.95
4) Late fees (28 @ $25.00 ea.) $ 650.00
5) Cost of recording Claim of Lien $ 12.00
6) Costs (Deposition of Fabian Basabe) $ 225.00
TOTAL DUE $26,929.70
The damage section of the judgment, as shown above, did not delineate the determined $4,760 in attorney’s fees or include them in the total due. Nor did the judgment reserve jurisdiction for the purpose of assessing such fees.
A foreclosure sale date for the condominium was set for October 4, 2002. On October 3, 2002, the Basabes requested a redemption figure as to Harbor Bay, which the clerk of circuit court gave as $26,929.70, the total amount recited in the final judgment. Basabe paid the sum requested by the clerk and, pursuant to Florida Statute 45.0315,[1] timely redeemed *1069 the property. A check from the clerk of court was issued to Harbor Bay this same day.
On October 10, 2002, a week following redemption, Harbor Bay served its motion to amend summary final judgment of foreclosure, seeking to amend the judgment to include $4,760 in attorney’s fees or, alternatively, for the entry of a supplemental judgment of foreclosure entered in the same amount.[2]
The trial court denied Harbor Bay’s motion finding that:
Pursuant to Florida Statute 45.0815, Fabian Basabe exercised his redemption rights before the Clerk’s filing of Certificate of Sale by paying the amount of money specified in the Judgment, therefore properly exercising his right of redemption under the statute. It is undisputed that attorneys fees and costs were not included in the Final Judgment, however Basabe should not be prevented from exercising his redemption rights due to Harbour Bay Condominium’s failure to include the fees and costs in the Judgment, whether such failure was either by mistake or intentional. See Bee Bee Medical Center Inc., v. Strategic Consulting and Managing, Inc., 677 So.2d 84 (Fla. 2d DCA 1996). Finding the denial of Harbor Bay’s motion proper, we affirm.
A trial court does not retain the authority to amend or modify a final judgment, absent a rule or statute providing otherwise. See Frumkes v. Frumkes, 328 So.2d 34, 35 (Fla. 3d DCA 1976) (“The court retains the power to modify by subsequent order the time and manner of the enforcement of a final judgment after it becomes final, but it does not retain the power, unless provided by statute or rule, to amend, modify or alter the provisions of a final judgment.”). In this case, Harbor Bay could have moved under rule 1.525 and/or 1.530, for an amendment of the final judgment. Rule 1.530, however, provides that “[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment[.]” Fla. R. Civ. P. 1.530(g) (2001); whereas rule 1.525 would have given Harbor Bay thirty days following the filing of the summary final judgment to file a motion for attorney’s fees.[3] Fla. R. Civ. P. 1.525 (2001). Here, Harbor Bay’s motion was served more than fifty (50) days after the entry of the summary final judgment.[4] It was therefore untimely. The Florida Supreme Court has held that:
motions and petitions for correction of error by the trial court must be made within the time prescribed by rule or *1070 statute.... Unless a proper motion or petition is filed within the allotted time the order becomes absolute and except as provided by the rules ... the trial court has no authority to alter, modify or vacate the substance of the order.
Kippy Corp. v. Colburn, 177 So.2d 193, 196-97 (Fla.1965).
The trial court in this case was without jurisdiction to amend and/or reinstate the final judgment, and therefore denial of Harbor Bay’s motion was proper. See Oyer v. Boyer, 383 So.2d 717, 718 (Fla. 4th DCA 1980) (“[t]he question of jurisdiction is absolute and the cases so holding are too numerous to require citation. In the case now before us, no petition for rehearing was filed within the time allowed under the rules. This being so, the trial court was also powerless to make the [attorney’s fee] award.”). Accordingly, we affirm. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999) (holding that ruling of trial court will be upheld if the court reached right result but for wrong reason).
Affirmed.

. This statute provides:
Right of redemption. — At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor’s indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts *1069 due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney’s fees of the creditor. Otherwise, there is no right of redemption.
§ 45.0315, Fla. Stat. (2002).

. After the filing of Harbor Bay’s motion to amend summary final judgment, Fabian Bas-abe filed a bankruptcy action and the trial court abated Harbor Bay’s motion. On March 7, 2003, Harbor Bay filed a motion to reinstate this action.

. This rule provides:
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.

.At oral argument, Harbor Bay claimed that the court had jurisdiction to amend the judgment under Florida Rule of Civil Procedure 1.540. This claim was not raised at the trial level or briefed for appellate review. Thus, we refuse to entertain this new, alternative argument. See Dober v. Worrell, 401 So.2d 1322, 1324 (Fla.1981)(holding that appellate court will not consider issue not presented to trial judge on appeal from final judgment).