FARMER, J.
Decedent died March 22, 2001. An estate was opened in November 2001, and Notice of Administration was published in November and again in December 2001. All claims were required to be filed by March 6, 2002. See § 733.702(1), (3), Fla. Stat. (2001) (any claim not filed within 3 months after first publication, or within 30 days after service, is barred). Interim Health Care filed its claim on May 7, 2002. The estate objected, and on May 22, 2002, the probate court entered an order striking the claim. That order became final 30 days after May 22nd. On July 22, 2002— more than 30 days after the order striking the claim — Interim filed a motion for rehearing but took no action to schedule a hearing on its motion.
All claims became jurisdictionally barred on March 22, 2003. See § 733.710(1), Fla. Stat. (2001) (2 years after the death neither the estate, the personal representative, nor the beneficiaries shall be liable for any claim against the decedent); see also May v. Illinois Nat’l Ins. Co., 771 So.2d 1143, 1157 (Fla.2000) (“section 733.710 is a jurisdictional statute of non-claim that automatically bars untimely claims and is not subject to waiver or extension in the probate proceedings.”). In July 2003, the estate moved to strike Interim’s long-pending motion for rehearing, and the court did so on July 30, 2003. Interim took an appeal from the order striking the claim, and we dismissed the appeal as untimely.
Several months after our dismissal of that appeal — more precisely, on April 15, 2004 — Interim filed a new motion asking the probate court to vacate the nearly 2-year old order striking its claim.[1] The gist *330 of Interim’s latest motion was that Interim had improvidently titled its July 22, 2002, motion as a motion for “rehearing” when in fact it actually sought a “hearing” on the estate’s motion to strike. This motion argued that, when properly understood, its July 22nd motion showed that the order was void because Interim had never been given a hearing on the estate’s motion to strike the claim.
The estate responded by asking the court to strike the motion to vacate as jurisdictionally barred. The estate argued that this latest motion was little more than a repeated attempt to get the court to rehear the issue of the timeliness of the claim. It added that any issue of failing to hold a hearing on the motion to strike should have been raised in a timely appeal from the May 22nd order. The probate court agreed and struck the motion to vacate. That has led to this latest appeal.
The order striking the claim became final 30 days after it was entered on May 22, 2002. If Interim wanted to argue that it was entitled to a hearing before its claim was cast aside, it was required to file a timely appeal from the order striking the claim. We have carefully reviewed its motion to vacate, as well as the estate’s response and the probate court’s order striking it as reargument of the same essential issue. All of Interim’s attempts since July 2002 to litigate this issue have been procedurally barred. We are unable to find any error in the probate court’s order striking the motion to vacate. Accordingly, this appeal is

Affirmed.

GUNTHER and TAYLOR, JJ., concur.

. The Florida Probate Rules do not contain a provision for vacatur of orders — and this in- *330 eludes those striking claims as untimely— made final by the lapse of the time for appeal. The Rules of Civil Procedure no longer apply in probate except as specified in the probate rules. See Fla. Prob. R. 5.010. At one time a statute applied the civil rules to adversary proceedings in probate, but that statute was repealed in 2002. See Ch.2001-226, § 8, Laws of Fla. Thus, even though rule 1.540 might logically seem to support an attempt to vacate an earlier probate order made final by the lapse of the time for appeal, in this case that rule has no application. See In re Estate of Clibbon, 735 So.2d 487 (Fla. 4th DCA 1998).