POLEN, J.
Appellant, Pure H20 Biotechnologies, Inc. (“H20”), appeals a non-final order vacating an award of damages in its favor. H20 received a judgment against Appel-lees, Joseph and Louis Mazziotti (“the Mazziottis”) after suing them for fraud in the inducement, fraud, money lent, breach of contract, breach of fiduciary duty and civil theft. The Mazziottis failed to defend the suit against them, and in November 2002, the trial court entered a default judgment in favor of H20. In November 2005, three years later, the Mazziottis filed a motion for relief from the judgment pursuant to Fla. R. Civ. P. 1.540(b)(5), alleging that H20 had procured the judgment by submitting fraudulently altered documents to the trial court. The trial court entered an order vacating the damages judgment. The order specified that there was reasonable cause to believe that H20 had filed fraudulent documents in the trial, and that false testimony had been given in a deposition. We find that the Mazziottis’ claims of fraud are time barred, and there is no significant evidence or change in circumstances that would allow the trial court to vacate the damages judgment using Rule 1.540(b)(5). Therefore, we reverse.
An order granting a motion to vacate a judgment is reviewed using a gross abuse of discretion standard. Jeyanandarajan v. Freedman, 868 So.2d 432, 433 (Fla. 4th DCA 2003). This is particularly true when the order is granting “motions grounded on the general ‘inequity’ of a final judgment’s prospective application.” Kroner v. Singer Asset Fin. Co., 814 So.2d 454, 456 (Fla. 4th DCA 2001). Rule 1.540(b) provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based *245 has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Fla. R. Civ. P. 1.540(b) (emphasis added).
Rule 1.540(b)(5) does not allow a party to retry a case merely because the judgment provides equitable relief and the party has found additional evidence. Instead, the rule requires the movant to establish that significant new evidence or substantial changes in circumstances arising after the entry of the judgment make it “no longer equitable” for the trial court to enforce its earlier order. In re Guardianship of Schiavo, 792 So.2d 551, 559-60 (Fla. 2d DCA 2001) (emphasis added). Rule 1.540(b)(5) was designed to provide “extraordinary relief’ in exceptional circumstances, and is to be narrowly construed. Dep’t of Revenue ex rel. Stephens v. Boswell, 915 So.2d 717, 721 (Fla. 5th DCA 2005). If a party had a chance to litigate the issue before, present a defense below and did not do so, courts are reluctant to set aside previously entered judgments. Id. “The circumstances addressed in category (5) all appear to address matters arising after the judgment, not circumstances present before the judgment. If a category. (5) ‘equity’ included any of the categories contained in Rule 1.540(b)(3), the other categories would be meaningless and superfluous.” Id. at 722.
In this case, the Mazziottis filed their motion to vacate after H20 filed an adversary proceeding in a bankruptcy proceeding instituted by the Mazziottis. As part of its earlier action against the Maz-ziottis, H20 alleged that it was fraudulently induced into loaning'money to the Mazziottis, and had submitted ■ checks it had written to the Mazziottis. In the memorandum space on these checks were written the words “loan” or “officer loan.” However, when certified copies of these checks were obtained from Wachovia, H20’s bank, there were no such designations in the memorandum line. On one of the checks, the copy from Wachovia stated “sal” on the memo line, but this had been obliterated and the submitted check read “off. loan.” H20 admitted it had altered the checks, but asserted the alterations were not important, stating:
I think,.Your Honor, what’s important, we’re talking about altered checks, but we’re not talking about altered amounts, altered dates, altered payees or altered signatures. We’re not talking about that. We’re talking about the little memo section. Something was written in after the check came back from the bank. I mean, that’s the extent of this alleged fraud,
The trial court disagreed and vacated the judgment, but its written order did not specify which provision of Rule 1.540(b) it was using to justify its ruling. While the trial court did not specifically list subsection (5) as the basis for vacating the judgment, or any subsection for that matter, the trial court was not required to list the basis for its decision in order for this court to uphold' the judgment. See Farrey’s Wholesale Hardware Co. v. Hobesound Indust. Park, 719 So.2d 374, 375 n. 1 (Fla. 3d DCA 1998) (“The ‘Tipsy Coach *246 man’ rule provides that if the lower court assigns an erroneous reason for its decision, the decision will be affirmed where there is some other reason or basis to support it.”). That being said, even if the trial court did not base its decision on subsection (5), we find that this is the only-portion that can be used to uphold the decision, as any other motion would be time barred. This time limit is jurisdictional in nature, and cannot be extended for any reason. Bank One, N.A. v. Batronie, 884 So.2d 346, 349 (Fla. 2d DCA 2004).
Although the Mazziottis asserted that the trial court should vacate the judgment under Rule 1.540(b)(5) on the basis that its previous judgment should not have prospective application, the basis of their motion was that H20 had committed intrinsic fraud in the trial court, which would fall under subsection (b)(3) of Rule 1.540(b). The Mazziottis cannot have it both ways, as subsection (b)(5) is mutually exclusive of subsections (b)(l)-(4). See Boswell, 915 So.2d at 722. Moreover, the fraud in this case is one that could have been discovered with the use of due diligence during the initial trial, and therefore does not constitute “significant new evidence or substantial changes in circumstances arising after the entry of the judgment.” Fla. R. Civ. P. 1.540(b)(5). The fraud perpetrated in this case was an intrinsic fraud in that it was between the parties, rather than an extrinsic fraud or a fraud on the court. Wescott v. Wescott, 444 So.2d 495 (Fla. 2d DCA 1984). Neither of these types of fraud can be the basis of a motion to vacate which is filed more than one year after the judgment. Amer. Assocs., Ltd. v. WHUD Real Estate Ltd. P’ship, 846 So.2d 1194, 1195 n. 2 (Fla. 5th DCA 2003). The fraud took place during the proceedings, not after the judgment was entered, and therefore does not fall within the ambit of subsection (b)(5).
We find that the Mazziottis’ claims of fraud were time barred, and that there was no significant evidence or change in circumstances that would allow the trial court to vacate the damages judgment using Rule 1.540(b)(5). We reverse.
STEVENSON, C.J., and STONE, J„ concur.