JEFFREY HOLLINGSWORTH,

    Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-WMC2,

    Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0607

Opinion filed January 20, 2015.

An appeal from the Circuit Court for Alachua County.
Stanley H. Griffis, III, Judge.

Mark Watts, Jacksonville, for Appellant.

Michael K. Winston, Dean A. Morande, Donna L. Eng, and Alana Zorrilla-Gaston of Carlton, Fields, Jorden, Burt, P.A., West Palm Beach, for Appellee.

PER CURIAM.

    We affirm the denial of relief under Florida Rule of Civil Procedure 1.540(b)(1)-(3) on grounds the motion was untimely. See NAFH Nat'l Bank v. Aristizabal, 117 So. 3d 900, 901-02 (Fla. 4th DCA 2013) (holding motion to vacate

final judgment pursuant to Rule 1.540(b)(2) and (3), on grounds bank committed fraud, "was untimely because the appellees filed it 'more than 1 year' after the . . . final judgment"); Dage v. Deutsche Bank Nat'l Trust Co., 95 So. 3d 1021, 1023 (Fla. 2d DCA 2012) (holding motion to vacate judgment on grounds bank misrepresented ownership of note and mortgage at the time of filing suit was untimely when "[t]he Dages waited more than two years after the entry of the final judgment before moving to vacate the default and judgment").

The trial court also properly rejected the contention that relief was available pursuant to Rule 1.540(b)(5). See Pure H2O Biotechnologies, Inc. v. Mazziotti, 937 So. 2d 242, 245 (Fla. 4th DCA 2006) (Rule 1.540(b)(5) "requires the movant to establish that significant new evidence or substantial changes in circumstances arising after the entry of the judgment make it 'no longer equitable' for the trial court to enforce its earlier order." (citation omitted; emphasis omitted)).

Affirmed.

WOLF, BENTON, and MAKAR, JJ., CONCUR.