IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ERNEST STEELE, AS
PERSONAL
REPRESENTATIVE OF THE
ESTATE OF HERMAN I.
STEELE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-272

     Appellant,

v.

PANSY BROWN,

     Appellee.

_____/

Opinion filed July 18, 2016.

An appeal from the Circuit Court for Leon County.
Stewart E. Parsons, Judge.

Martin S. Friedman of Friedman & Friedman, P.A., Lake Mary, for Appellant.

Robert A. Goodwin, III of Keefe, Anchors & Gordon, P.A., Fort Walton Beach, for
Appellee.

OSTERHAUS, J.

     Ernest Steele, the personal representative of his father's estate, appeals the

trial court's decision to set aside a 2007 order determining the homestead status of

property previously owned by his father. In 2015, his sister Pansy Brown sought to

vacate the 2007 homestead order claiming that it was incorrect and deprived her of an additional 1/15th vested interest in the property. The trial court agreed to vacate the order, but we reverse because the rules don't provide a basis for setting aside the 2007 order.

## I.

When Herman I. Steele died in 1966, he owned and lived on 18 contiguous acres next to what is now a main thoroughfare in Tallahassee, Capital Circle Northwest. He died intestate, survived by his wife and five children. Mr. Steele's wife continued to live in the home on the family property for the next forty years before the family finally decided to probate Mr. Steele's estate in 2006. They were prompted to probate the estate after the State condemned a slice of the property to widen the road, which required the State to pay the property's owner. At that time, Mr. Steele's son Ernest, the personal representative of the estate, filed four petitions related to the property:  a petition for administration; a petition to determine the homestead status of real property; a petition for determination of beneficiaries; and a petition for distribution of the condemnation proceeds. Mr. Steele's surviving wife and children, including Ms. Brown, waived service of all objections to the petitions and consented to the requested relief. The trial court, in turn, granted the petitions in 2007. The court mailed copies of its orders to the beneficiaries and condemnation proceeds were disbursed in accordance with the Estate and family's unopposed

2

wishes. No one, including Ms. Brown, sought rehearing, or otherwise challenged or appealed the orders.

But eight years later, Ms. Brown objected to the 2007 order establishing the boundaries of the family homestead. In November 2015, she filed a revocation of her 2007 waiver and consent, along with a verified petition to correct the 2007 order determining homestead status. In her view, the homestead order required a correction to describe the whole 18-acre property as homestead property, not just the one acre that had been designated in the 2007 agreed upon petition and order. The 2007 homestead order allegedly deprived Ms. Brown of an additional 1/15 interest in most of the property—seventeen of the eighteen acres. The Estate opposed her petition. And after hearing its motion to dismiss, the trial court agreed with Ms. Brown and immediately set aside the 2007 homestead order while the parties continued the litigation. The Estate appealed.

In the meantime, Mr. Steele's estate remains open and the seventeen acres of non-homestead property haven't been sold.

## II.

We review a trial court's finding that an order should be set aside for whether an abuse of discretion occurred. Lorant v. Whitney Nat'l Bank, JOL, LLC, 162 So. 3d 244, 245 (Fla. 1st DCA 2015). We have jurisdiction to entertain Mr. Steele's appeal of the order vacating the 2007 order settling the status of the homestead

3

property under Florida Rule of Appellate Procedure 9.130(a)(5), because this is an adversarial proceeding.[1]

The Estate argues that the court had no basis under Florida Rule of Civil Procedure 1.540, or for any other reason, to set aside the 2007 order determining the homestead status of the property. Conversely, Ms. Brown defends the order, asserting that the court had authority to vacate the order either under Rule 1.540(a) or (b), or pursuant to its inherent authority to amend its own non-final orders.

We agree with the Estate and don't think that Rule 1.540 provides a sufficient basis to set aside the 2007 order. First, Rule 1.540(a) allows relief from clerical errors. This case doesn't involve a clerical error. Clerical mistakes include "only errors or mistakes arising from an accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order, the latter of which must be corrected pursuant to Rule 1.540(b)." Lorant, 162 So. 3d at 245 (internal quotations & citations omitted). The decision below vacates a 2007 order

---

[1] The Rules of Civil Procedure do not normally apply in probate cases, see Interim Healthcare of Nw. Florida, Inc. v. Estate of Ries, 910 So. 2d 329, 330 n. 1 (Fla. 4th DCA 2005) (citing to Fla. Prob. R. 5.010), but do apply in adversarial proceedings. See Fla. Prob. R. 5.025(d)(2). Ms. Brown filed a declaration of adversarial proceedings with the trial court, which the Estate didn't contest. The parties believe that the lower court is withholding a final decision below pending the outcome of this appeal. See Fla. R. App. P. 9.130(f) ("during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, . . . except that the lower tribunal may not render a final order disposing of the cause").

establishing homestead boundaries that had been agreed upon, but now are disputed. It does not involve a mere clerical error. A "correction" of the 2007 order along the lines advocated by Ms. Brown would also work a substantive change, as it'd increase her own relative interest in the property at the expense of others. And so, we cannot conclude that this case involves an accidental, non-substantive mistake of the pen.

Second, Rule 1.540(b) provides for relief from a judgment, decree, or order for a broader set of reasons.

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.

Fla. R. Civ. P. 1.540(b). In this case, the first three bases for relief in (b) don't apply. Relief can only be granted in (1)-(3) if a motion is filed a year or less after entry of the initial order. Here it was eight years before Ms. Brown sought relief.

The remaining two subsections, 1.540(b)(4) and (5), don't expressly limit the time in which a party can seek relief. But as to (4), we agree with the trial court that the homestead order, to which Ms. Brown had previously waived all objections and

5

given her consent, wasn't void. "[G]enerally so long as a court has jurisdiction over the subject matter and a party, a procedural defect occurring before the entry of a judgment does not render a judgment void, . . . [particularly when] the party received actual notice of the proceedings." Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 666 (Fla. 2d DCA 2007). Here, no one disputes that the trial court possessed jurisdiction, even if Ms. Brown now believes that her 2007 waiver was ill-considered and defective.

Relief under Rule 1.540(b)(5) must be predicated on new evidence, or a substantial change in circumstances after the entry of judgment that makes it inequitable for the trial court to enforce its earlier order. See Hollingsworth v. Deutsche Bank Nat'l Trust Co., 170 So. 3d 810 (Fla. 1st DCA 2015) (citing Pure H2O Biotechnologies, Inc. v. Mazziotti, 937 So. 2d 242, 245 (Fla. 4th DCA 2006)). But there wasn't new evidence here, or a substantial change in circumstances. Ms. Brown argues that the death of her mother, Mr. Steele's wife, and the publication of her will in 2013, amounted to new evidence, or a substantial change in circumstances. But her death and the publication of her will—which had been executed in 1987, twenty years prior to the 2007 homestead order—hastened no alteration or change in the boundaries of the homestead property, which was set by the 2007 order. And so, we conclude that Rule 1.540(b)(5) also provides no basis for setting aside the 2007 homestead order.

Finally, the trial court did not have inherent authority to set aside the 2007 homestead order as if it were a non-final order. See, e.g., Bettez v. City of Miami, 510 So. 2d 1242, 1243 (Fla. 3d DCA 1987). The 2007 homestead order in this case constituted an appealable, final order. The rules consider probate orders to be appealable, final orders if they determine an interest in property, or finally determine a right of interested persons. See Fla. R. App. P. 9.170(b)(12); In re Estate of Walters, 700 So. 2d 434, 435 n. 1 (Fla. 4th DCA 1997) ("Rule 9.110(a)(2) of the Florida Rules of Appellate Procedure, added in 1997, provides for appellate review of orders in probate matters that **finally determine** a right or obligation of an interested person."). Not only did the trial court determine the boundaries of the homestead and comparative interests of the Estate's beneficiaries in 2007, but it also disbursed proceeds from condemnation proceedings. Objections or challenges to these appealable, final orders had to be made in 2007, in the absence of meeting the requirements for relief under Rule 1.540. Leaving appealable, final probate orders open to discretionary review and termination by trial courts, even eight years later, would broadly upset the probate code's goal of quickly and finally accomplishing the settlement of estates.

> [I]n probate there can be a number of orders entered at different times on contested issues which finally determine the rights of interested persons. These adversary proceedings are like lawsuits, but can be concluded long before final discharge. Our appellate rules recognize this distinction for purposes of appeal. Florida Rule of Appellate Procedure 9.110(a)(2) allows final appeals to be taken "from orders

7

entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code."

In re Estate of Clibbon, 735 So. 2d 487, 489 (Fla. 4th DCA 1998) (noting one purpose of the probate code is to settle estates "with dispatch") (quoting In re Williamson's Estate, 95 So. 2d 244, 246 (Fla. 1956)). We thus conclude that because the 2007 order determining homestead status constituted an appealable, final order, it could not be vacated in 2015 as a simple exercise of the trial court's discretion, in the absence of establishing a Rule 1.540-based rationale for relief.

III.

Accordingly, we reverse the trial court's order vacating the 2007 order determining the homestead status of the subject property.

REVERSED and REMANDED.

MAKAR and WINSOR, JJ., CONCUR.