# Third District Court of Appeal

## State of Florida

Opinion filed October 19, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-735
Lower Tribunal No. 11-37387

_____

**Eduardo Garcia,**
Petitioner,

vs.

**Christiana Trust, etc., et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Sordo & Associates, P.A.; Arnaldo Velez, for petitioner.

John L. Penson, P.A. and John L. Penson, for respondent Christiana Trust.

Before SUAREZ, C.J., and FERNANDEZ and SCALES, JJ.

SUAREZ, C.J.

Eduardo Garcia petitions this court to enforce a mandate issued on June 5, 2014, or alternatively, for a writ of certiorari or prohibition. We treat this appeal as

a proceeding for a writ of certiorari and for the reasons stated below, grant the writ and quash the order under review.

This ongoing and factually tortured litigation began when BankUnited sought to foreclose on a mortgage purportedly signed by Eduardo Garcia and Bertha Garcia, who were husband and wife at the time. Eduardo Garcia and Bertha Garcia held title to the property as tenants by the entireties. A bench trial on the foreclosure action was held and the trial court determined that Eduardo Garcia's signature on the mortgage documents had been forged by Bertha, his wife. As such, in the final judgment of foreclosure, the trial court determined that BankUnited held a lien for the total sum owed, but not as to defendant Eduardo Garcia as his signature had been forged. The Final Judgment of Foreclosure rendered February 28, 2013, ordered the sale of the property but specifically provided that "[t]he sale shall not include the interest of the Defendant, Eduardo Garcia, who prevailed in this action." Only the interest of Bertha Garcia was to be sold. Published notice of the sale did not indicate that only one of the two parties' interests was salable but indicated the sale was for the entire fee. The Garcias filed an emergency motion in the trial court to cancel the sale, citing their ownership by the entirety, and arguing that Eduardo Garcia's interest could not be separated out for purposes of foreclosure and sale. The trial court denied the emergency motion and the online sale went forward with no changes being made to the publication.

Rocketrider Pictures, LLC, was the purchaser. When Rocketrider, after the sale, discovered that the property had been held as tenants by the entireties, it filed an Objection to Sale in the trial court stating that its bid was based on the assumption it was bidding on the entire fee and because the property had been held by the entireties and could not be severed, Rocketrider actually received nothing in the purchase. The trial court denied the motion and Rocketrider appealed. On that appeal, this Court reversed the order denying Rocketrider's objections to the judicial sale and ordered the trial court to cancel the certificate of title issued to Rocketrider as the buyer, and to return Rocketrider's bid money. Rocketrider Pictures, LLC v. BankUnited, et al., 138 So. 3d 1223 (Fla. 3d DCA 2014). Although the propriety of the foreclosure itself was not an issue in or subject of that appeal, this Court also, however, in its opinion reversed the Final Judgment of Foreclosure to which Rocketrider was not a party. A mandate on that opinion then issued.

Subsequent to the mandate, Eduardo Garcia sought entry in the trial court of a judgment finding that he is not liable on the note and mortgage, and to quiet title. On October 20, 2015, Christiana Trust, the successor in interest to BankUnited, filed a motion for leave to file an Amended Complaint in foreclosure and to add new counts for breach of promissory note and equitable lien. Relying on the 2014 Rocketrider opinion from this Court that purportedly reversed the Final Judgment

3

below, the trial court denied Eduardo Garcia's motion for judgment on the pleadings and final judgment. The trial court, relying on this Court's opinion in Rocketrider that in part ordered reversal of the final judgment in foreclosure, granted the Trust's leave to amend the Complaint in Foreclosure. Eduardo Garcia appealed bringing us to this point in this tangled litigation.

First, it is important to note that the Final Judgment in Foreclosure entered February 28, 2013, was not appealed and is now, therefore, final. See Makar v. Inv'rs Real Estate Mgmt., 553 So. 2d 298, 299 (Fla. 1st DCA 1989) (holding a judgment is a final adjudication of the merits of an action). Indeed, the 2013 Rocketrider appeal was not from the Final Judgment of Foreclosure but was strictly limited to vacating the post-foreclosure judicial sale and returning Rocketrider's bid money. The only parties to that appeal were the parties to the foreclosure sale, Rocketrider and the Bank; Eduardo Garcia was not a party to that appeal. The Final Judgment of Foreclosure was not at issue in that appeal and the language in Rocketrider purporting to reverse that final judgment is without legal effect. See, e.g., Kippy Corp. v. Colburn, 177 So. 2d 193, 197 (Fla. 1965) ("The jurisdiction of appellate courts to correct error in an order is likewise limited by statute and rule in that such a court has no power whatsoever to act in a cause unless the application for review be brought within the time and in the manner provided."); Denny v. Denny, 334 So. 2d 300, 302 (Fla. 1st DCA 1976) (holding

4

that as the final judgment became a final decision, appealable as such, and where no appeal was taken within the time prescribed by the Florida Appellate Rules, neither the trial court nor appellate court has jurisdiction to review it).

As the foreclosure (between Eduardo Garcia and the Bank) was already final at the time Rocketrider filed its June 6, 2013 appeal from the post-judgment sale, the Final Judgment of Foreclosure cannot be reversed nor, for that matter, can it be re-opened.[1] See Liberty Ins. Corp. v. Milne, 98 So. 3d 613, 615 (Fla. 4th DCA 2012) (finding a trial court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied); Harbor Bay Condominiums, Inc. v. Basabe, 856 So. 2d 1067, 1070 (Fla. 3d DCA 2003).

In this matter, notwithstanding the language contained in the 2014 Rocketrider opinion, neither this Court nor the trial court had jurisdiction to modify or reopen the Final Judgment of Foreclosure because that judgment was final as to Eduardo Garcia and the Bank, and Eduardo Garcia was not a party to the

---

[1] "A trial judge is deprived of jurisdiction, not by the manner in which the proceeding is terminated, but by the sheer finality of the act, whether judgment, decree, order or stipulation, which concludes litigation. Once the litigation is terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances." Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986). That rule was not invoked by the Bank, and the circumstances described by Rule 1.540 were not present in this record.

Rocketrider appeal.  We therefore treat Eduardo Garcia's present petition as a request for writ of certiorari, grant the writ and quash the order below granting Christiana Trust's motion for leave to amend its complaint in foreclosure, and remand with directions to reinstate the February 28, 2013 Final Judgment of Foreclosure.

Petition granted, remanded with directions.