challenging the authenticity or validity of her signatures on the note and mortgage. *See* § 673.3081(1), Fla. Stat. (2009) (providing that "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."); *Lipton v. S.E. First Nat'l Bank of Miami*, 343 So.2d 927, 928 (Fla. 3d DCA 1977) (where bank filed action on a promissory note, and trial court granted summary judgment in favor of the bank, this court affirmed, holding that the answer to the complaint contained only general denials, and "[s]ince the defensive pleadings did not specifically deny Lipton's signatures on the instruments, his signatures thereon were admitted . . . ."); *Riggs v. Aurora Loan Svcs., LLC*, 36 So.3d 932, 933 (Fla. 4th DCA 2010) (noting that "[n]othing in the pleadings placed the authenticity of [appellant's] signature at issue"); *Ferris v. Nichols*, 245 So.2d 660, 662 (Fla. 4th DCA 1971) (construing prior version of section 673.3081, Florida Statutes, and holding that "[h]ad the defendant desired to deny that he signed the note, he should have done so by a specific denial addressed to the appropriate allegations in the complaint"); *Davis v. Timeshare Travel Int'l, Inc.*, 489 So.2d 47, 48 (Fla. 2d DCA 1986) (holding that "in order to make an issue of the genuineness of a signature, one must plead a specific denial addressed to the appropriate allegations of the other party").

 Even in the face of this established law, the trial court exercised its discretion to permit Polonsky to present, at trial, evidence that she did not sign the note and

mortgage.[1] The trial court thereafter considered all of the testimonial and documentary evidence, weighed the credibility of the witnesses, and made the factual determination that the signatures appearing on the note and mortgage were indeed those of Polonsky. We do not disturb this finding, as it supported by competent substantial evidence.

Affirmed.

---

Ofer ZOSMAN, Appellant,

v.

BANK OF AMERICA, N.A., etc., Appellee.

No. 3D15–1064.

District Court of Appeal of Florida, Third District.

Nov. 30, 2016.

Simon & Sigalos, Michael W. Simon and Damon E. Gasser, Boca Raton, for appellant.

Baker, Donelson, Bearman, Caldwell & Berkowitz, Diana B. Matson and Joshua R. Levine, Fort Lauderdale, for appellee.

---

1. In light of this, the ultimate burden of establishing the authenticity or validity of the signature was on the Bank, but the signature was statutorily presumed to be authentic. *See* § 673.3081(1), Fla. Stat. (2009) (providing: "If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.")

**364**

Before LAGOA, EMAS and LOGUE, JJ.

PER CURIAM.

Affirmed. *See Garcia v. Christiana Trust,* 3D16–735, 208 So.3d 176, 2016 WL 6092054 (Fla. 3d DCA Oct. 19, 2016).

**Christian Jhoel Perez NUNEZ, Appellant,**

v.

**The STATE of Florida, Appellee.**

**No. 3D16–560.**

District Court of Appeal of Florida, Third District.

Nov. 30, 2016.

Michelle R. Walsh, for appellant.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant seeks review of an order summarily denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. However, because the motion filed with the trial court was insufficient on its face,[1] the trial court should not have summarily denied the motion, but instead was required to "enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion." Fla. R. Crim. P. 3.850(f)(2). *See also Charles v. State,* 193 So.3d 46, 47 (Fla. 3d DCA 2016).

We therefore reverse and remand with directions that the trial court enter a nonfinal, nonappealable order permitting appellant sixty days within which to file an amended motion that is sufficient on its face, and for further proceedings as may be appropriate. If the amended motion is still insufficient on its face, or if appellant fails to timely file such an amended motion, the court in its discretion may permit appellant an additional opportunity to amend, or may enter a final, appealable order summarily denying the motion with prejudice. *Id.*

Reversed and remanded.

---

**1.** Appellant's motion sought to withdraw his previously-entered plea (and sentence), premised upon allegations of an equivocal deportation warning by the trial court and ineffective assistance of trial counsel. *See Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); *Hernandez v. State,* 124 So.3d 757 (Fla.2012). However, appellant's motion failed to allege that, but for trial counsel's errors, he would not have pleaded guilty but instead would have maintained his plea of not guilty and insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Hernandez,* 124 So.3d at 762.