# Third District Court of Appeal

**State of Florida**

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-735
Lower Tribunal No. 11-37387

_____

**Eduardo Garcia,**

Petitioner,

vs.

**Christiana Trust, etc., et al.,**

Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Sordo & Associates, P.A. and Alexander Pena and Cesar R. Sordo; Arnaldo Velez, P.A., and Arnaldo Velez, for petitioner.

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and David B. Levin and Joshua R. Levine (Ft. Lauderdale), for respondent Christiana Trust.

Before SUAREZ, FERNANDEZ, and SCALES, JJ.

SUAREZ, J.

Christiana Trust seeks an order enforcing this Court's mandate in Garcia v. Christiana Trust, 208 So. 3d 176 (Fla. 3d DCA 2016). We grant the motion and order the trial court to vacate its April 5, 2017 order.

This is the fourth time this case comes before us. Title to the property was held by the entireties by Petitioner Eduardo Garcia ("Garcia") and his former wife. The former wife allegedly forged Garcia's signature on the Note and Mortgage. When the Bank sought to foreclose, it was only possible against the former wife's interest. The Final Judgment of Foreclosure provided that the Bank held a lien against the property for the debt owed, but not as to Garcia. The property was sold, but the buyer found out after the sale that the property could not be divided because it was held by the entireties. This Court reversed the order denying the buyer's objections to the sale and ordered the trial court to return the buyer's money. In that opinion, however, the panel also reversed the Final Judgment of Foreclosure. Rocketrider v. BankUnited, 1328 So. 3d 1223 (Fla. 3d DCA 2014).

Garcia then sought a determination from the trial court that he was not liable on the note and mortgage, and to quiet title. The bank's successor in interest, Christiana Trust, moved to file an amended complaint in foreclosure and to add new counts. The trial court, relying on the Rocketrider opinion, reversed the Final Judgment and granted the Trust's leave to amend the foreclosure complaint.

Garcia appealed, which leads us to the second opinion, Garcia, 208 So. 3d 176. In that opinion, this Court recognized that 1) Garcia never appealed from the Final Judgment in Foreclosure back in 2013; thus, that judgment was final; 2) The Rocketrider appeal was only between the Bank and the buyer – Garcia was not a

2

party to that appeal, and 3) the Final Judgment in foreclosure was not at issue. The opinion concluded that the Final Judgment could not be reversed or the matter reopened at that point. The panel deemed Garcia's appeal as a petition for certiorari, granted the petition and quashed the order below granting the Trust's motion to amend the complaint in foreclosure, and directed the trial court to reinstate the 2013 Final Judgment of Foreclosure.

On remand, Garcia went back to the trial court on a Rule 1.540(b)(5) motion seeking relief from judgment, and asked the trial court to remove the Trust's lien against the property so that it could be sold. Garcia did not argue the 1.540(b) merits, but rather contended for the first time at the hearing that the trial court had ongoing jurisdiction to "do equity" because of the general reservation of jurisdiction contained in the Final Judgment of Foreclosure.[1]

The Trust argued that Garcia was raising this issue for the first time, as it was not plead in the 1.540(b) motion. In addition, the Trust argued that the standard general reservation of jurisdiction was not specific, and did not extend to reopening an un-appealed final judgment more than three years later when there had been no change in circumstances. On April 5, 2017, the trial court issued an order determining that it had jurisdiction under the general reservation of

---

[1] The general reservation of jurisdiction in the Final Judgment of Foreclosure reads, "Jurisdiction. The court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, a deficiency judgment."

3

jurisdiction clause of the Final Judgment of Foreclosure. The court determined that the Final Judgment "is not a cloud on the title on the property . . . Hence, property can be sold free of said judgment lien – cloud." Christiana Trust now seeks an order from this Court enforcing the Mandate of Garcia reinstating the Final Judgment of Foreclosure. [2]

We agree with the Trust that the general reservation of jurisdiction in the Final Judgment of Foreclosure does not give the trial court jurisdiction to eliminate the Trust's lien more than three years after the Final Judgment of Foreclosure became final. The general reservation of jurisdiction in a foreclosure judgment is deemed in case law to be appropriate for deficiency judgments, but little else. The reservation of jurisdiction in the final judgment of foreclosure must be very specific in order to apply to such things as seeking unpaid assessments post-judgment or post-sale. See, e.g., Cent. Mortg. Co. v. Callahan, 155 So. 3d 373, 376 (Fla. 3d DCA 2014) (holding the final judgment contained a general reservation of jurisdiction but did not specifically reserve jurisdiction to determine the amount of assessments due, it merely retained jurisdiction to enforce—via

_____

[2] This Court learned during the pendency of this appeal that Garcia and his wife Bertha no longer had ownership interest in the property, having conveyed their interest to a third party by special warranty deed recorded soon after the trial court issued the order being challenged here, but before the Trust filed its Motion to Enforce Mandate. We separately grant Christiana Trust's motion to strike Garcia's Response to the Motion to Enforce Mandate as he no longer has standing to participate in this appeal. Our opinion in this matter, however, remains unchanged.

writs of possession and deficiency judgments—the final judgment entered in the matter);  Harrell v. Harrell, 515 So. 2d 1302, 1304 (Fla. 3d DCA 1987) (stating that once a trial court enters a final judgment and the time for filing post-trial motions has expired, a trial court may not entertain post-judgment motions absent a rule to the contrary, "unless it specifically retained jurisdiction to do so in its final judgment").  Further, the general reservation of jurisdiction does not allow for a supplemental complaint or to add an omitted party post-judgment.  See, e.g., Ross v. Wells Fargo Bank, 114 So. 3d 256 (Fla 3d DCA 2013).

Florida Rule of Civil Procedure 1.540(b)(5) requires the moving party to "allege new circumstances affecting the decision made by the trial judge."  Gotham Ins. Co. v. Matthew, 179 So. 3d 437, 442 (Fla. 5th DCA 2015) (quoting In re Guardianship of Schiavo, 792 So. 2d 551, 561 (Fla. 2d DCA 2001)).  In addition, the movant must establish that these new circumstances "make it no longer equitable for the trial court to enforce its earlier decision.  In re Guardianship of Schiavo, 792 So. 2d at 561.  At its core, there must be some new post-judgment fact or occurrence that requires the trial court, in equity, to recede from its prior order or judgment.  See Bank of N.Y. Mellon v. Peterson, 208 So. 3d 1218, 1223 (Fla. 2d DCA 2017); see also Miami–Dade Cty. v. Second Sunrise Inv. Corp., 56 So. 3d 82, 85 - 86 (Fla. 3d DCA 2011) (reiterating the clear legal principle that "something must have happened *after* the entry of final judgment that should

5

'equitably limit' the judgment's application" in order for rule 1.540(b)(5) to apply); Baker v. Baker, 920 So. 2d 689, 692 (Fla. 2d DCA 2006) ("[T]his court has held that the equities mentioned in [rule 1.540(b)(5)] are limited to ones that come to fruition after the final judgment."). Here, Garcia did not allege below any new or changed post-judgment circumstances in his written motion, nor does the record reveal any such circumstances.

We therefore grant the Trust's motion to enforce the Mandate, and order the trial court to vacate the April 5, 2017 order below which eliminated the Trust's lien against the property, and reinstate the February 28, 2013 Final Judgment of Foreclosure.

SCALES, J. concurring.

I wholeheartedly concur with the majority opinion and write separately to emphasize that this Court's granting of the Trust's motion to enforce our earlier mandate should not be interpreted as an independent validation of the Trust's lien on Garcia's former wife's interest in the property. That lien, while adjudicated in a final judgment, is derived from a mortgage purporting to encumber jointly owned marital property. Yet, as adjudicated by the trial court in the same final judgment, the mortgage was signed by only one spouse. Because the foreclosure judgment was not appealed, however, the majority opinion does not reach the issue of whether this lien would have withstood appellate scrutiny.