EMAS, C.J.
Introduction
Elizabeth Maya appeals a final judgment entered against her in January 2018. Because the trial court was without jurisdiction to enter the final judgment, we reverse.
Facts and Procedural History
On March 28, 2006, Arnold Maya acquired his interest in the subject property by warranty deed, and executed a promissory note in the amount of $ 228,000 secured by a mortgage on the subject property. Arnold is the only borrower on the note and both the mortgage and the deed describe Arnold as "a single man."
In October 2006, Arnold defaulted on the loan and Deutsche Bank commenced a foreclosure action, naming the unknown spouse of Arnold Maya as a defendant. Service was returned with the comment: "defendant is not married." As a result, in January 2008, Deutsche Bank dropped the "unknown spouse of Arnold Maya" as a party.
On January 30, 2008, the trial court entered final judgment of foreclosure. Arnold appealed the judgment to this Court, but the appeal was dismissed when Arnold failed to file an initial brief. See Maya v. Deutsche Bank Nat. Tr. Co., 993 So.2d 531 (Fla. 3d DCA 2008) (table). Arnold then filed several bankruptcy petitions, further delaying the foreclosure sale.
Seven years later (August 2015), the trial court reset the foreclosure sale for September 25, 2015. Deutsche Bank was the winning bidder and the clerk issued the certificate of sale.
On October 2, 2015, Arnold filed an objection to sale and, on October 26, the day before the hearing on Arnold's objection, Elizabeth Maya (Arnold Maya's spouse) filed an objection to sale and motion to vacate the final judgment, certificate of title and to reinstate the case for trial. She argued that she and Arnold had been married since 1991, and that she has owned the property with her husband since its purchase in 2006. Elizabeth argued that, *1078 because she was not named in the final judgment, her homestead interest has not been extinguished and she has not been given the opportunity to defend against the foreclosure.
The trial court entered an order on January 7, 2016, stating: "[u]pon agreement of the parties, the motion is withdrawn pending negotiation of a cash for keys settlement." Elizabeth's objection and motion was never refiled, even after negotiations between her and Deutsche Bank fell apart.
In July 2016, Deutsche Bank filed a motion for leave to file a supplemental complaint to add Elizabeth Maya as a party. That motion was granted and the supplemental complaint was filed. Deutsche Bank later amended the supplemental complaint to assert a claim for an equitable vendor's lien against Elizabeth Maya.
In January 2018, Deutsche Bank filed a motion for summary judgment upon the amended supplemental complaint. The trial court granted the motion and entered final judgment against Elizabeth Maya on the equitable vendor's lien claim in the amount of $ 356,185.41 (including prejudgment interest). This appeal follows.
Analysis
The question is whether, under these facts, the trial court retained jurisdiction, following entry of the original final judgment (which became final on appeal in 2008), to permit Deutsche Bank in 2016 to file a supplemental complaint adding Elizabeth Maya as a party to pursue an equitable vendor's claim against her, and to enter the subsequent 2018 final judgment on appeal. The answer to that question is no, as the time period for altering, modifying or vacating the judgment had long expired, and the 2008 final judgment did not retain jurisdiction to allow for a supplemental, post-judgment complaint.[1]
This case is indistinguishable from our decision in Ross v. Wells Fargo Bank, 114 So.3d 256, 257 (Fla. 3d DCA 2013) where we held:
Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment. Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The court retains jurisdiction to the extent such is specifically reserved in the final judgment or to the extent provided by statute or rule of procedure. Ross v. Damas, 31 So.3d 201 (Fla. 3d DCA 2010) ; Harrell v. Harrell, 515 So.2d 1302 (Fla. 3d DCA 1987). In the instant case, the trial court entered a final judgment of foreclosure against Tarazi on July 8, 2008. That final judgment contained only a general reservation of jurisdiction: 'The Court retains jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession and deficiency judgments.' The final judgment did not retain jurisdiction to allow for a supplemental complaint to add an omitted party post-judgment. In permitting such a supplemental post-judgment proceeding, the trial court acted in the absence of jurisdiction.
See also Garcia v. Christiana Tr., 230 So.3d 66, 69 (Fla. 3d DCA 2017) ("[T]he general reservation of jurisdiction does not allow for a supplemental complaint or to add an omitted party post-judgment.");
*1079 Singer v. Singer, 219 So.3d 944 (Fla. 4th DCA 2017) (holding that the final order "did not contain a specific reservation of the court's jurisdiction to permit a supplemental complaint post judgment to add a third party.")
We therefore reverse and remand with directions to vacate the final judgment on appeal and reinstate the 2008 final judgment.[2]

Compare the language from the original final judgment of foreclosure ("Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, writs of possession and deficiency judgments.") with the final judgment entered upon the supplemental complaint ("This Court shall retain jurisdiction over this action to enter further orders that are proper, including, without limitation, writs of possession, and re-foreclosure of any omitted necessary parties .") (Emphasis added).

As we indicated in Ross, our decision here is without prejudice to Deutsche Bank "filing a separate foreclosure action against the previously-omitted defendant." Id. at 257 n. 3.