# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1168
Lower Tribunal No. 19-33861
_____

**Krisia Del Prado, et al.,**

Appellants,

vs.

**Optimus U.S. 801 NW 47th Ave, LLC, etc., et al.,**

Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Law Office of Michael Garcia Petit, P.A., and Michael Garcia Petit (Miramar), for appellants.

Dimond Kaplan & Rothstein, P.A., and Scott M. Dimond and Lorenz Michel Prüss, for appellees.

Before LINDSEY, LOBREE and BOKOR, JJ.

PER CURIAM.

Affirmed. See Garcia v. Christiana Tr., 230 So. 3d 66, 69 (Fla. 3d DCA 2017) (requiring "the moving party to 'allege new [post-judgment] circumstances affecting the decision made by the trial judge'") (quoting Gotham Ins. Co. v. Matthew, 179 So. 3d 437, 442 (Fla. 5th DCA 2015)); United States v. Watts, 786 F.3d 152, 160 (2d Cir. 2015) ("As a general matter, the section clarifies that '[a]ll right, title, and interest in property . . . [subject to criminal forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture.'") (alteration in original) (quoting 21 U.S.C. § 853(c)); Baker v. Baker, 920 So. 2d 689, 692 (Fla. 2d DCA 2006) ("[T]his court has held that the equities mentioned in [Fla. R. Civ. P. 1.540(b)(5)] are limited to ones that come to fruition after the final judgment."); Pure H2O Biotechnologies, Inc. v. Mazziotti, 937 So. 2d 242, 245 (Fla. 4th DCA 2006) (explaining that "Rule 1.540(b)(5) was designed to provide 'extraordinary relief' in exceptional circumstances, and is to be narrowly construed") (citations omitted); Toledano v. Garcia, 338 So. 3d 1009, 1012 (Fla. 3d DCA 2022) (noting abuse of discretion standard in reviewing an order denying a Fla. R. Civ. P. 1.540(b) motion); see also § 605.0108(1), Fla. Stat. ("A limited liability company is an entity distinct from its members."); Corp. Express Off. Prods., Inc. v. Phillips, 847 So. 2d 406, 411 (Fla. 2003) ("A foundation of

corporate law is that . . . the existence of a corporate entity is not affected by changes in its ownership or changes in management.”).