# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0212
Lower Tribunal No. 23-1079-CP-02
_____


**Ginger Johnson Days, et al.,**
Appellants,

vs.

**In Re: Estate of Dorothy Brown,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Simon, Reed & Salazar, P.A., and Brian S. Jacobson, for appellants.

No Appearance, for appellee.


Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

PER CURIAM.

Appellants Ginger Johnson Days and Caster Derrell Johnson, the personal representatives of the estate of their mother Dorothy Brown, challenge a January 16, 2025 probate court order that was entered, *sua sponte*, by a successor probate court judge. The challenged order vacates a predecessor probate court judge's October 27, 2023 order, determining that, pursuant to the decedent's will, the decedent devised her homesteaded property to her three children (the "Homestead Order").

We agree with Appellants that, because the Homestead Order was a final, appealable order pursuant to Florida Rule of Appellate Procedure 9.170(b)(13), which was neither appealed nor otherwise challenged, the successor probate court judge was without jurisdiction to vacate the Homestead Order. Whipple v. Dawson, 322 So. 3d 1214, 1214 (Fla. 3d DCA 2021) ("Appellant's appeal from the order determining homestead status of real property is dismissed for lack of jurisdiction because the final order was not timely appealed."); Steele v. Brown, 197 So. 3d 106, 110 (Fla. 1st DCA 2016) ("[T]he trial court did not have inherent authority to set aside the 2007 homestead order as if it were a non-final order. The 2007 homestead order in this case constituted an appealable, final order.") (internal citation omitted); see In re Estate v. Clibbon, 735 So. 2d 487, 489 (Fla. 4th DCA 1998) ("Probate cases differ from lawsuits in that there is usually only one

2

final judgment at the end of a lawsuit, while in probate there can be a number of orders entered at different times on contested issues which finally determine the rights of interested persons.").

We therefore quash the challenged January 16, 2025 order.

Order quashed.